520 So.2d 37 (1988)
Harold C. KRAMER and Joan W. Kramer, Plaintiffs-Appellants,
v.
PIPER AIRCRAFT CORPORATION, Defendant-Appellee.
No. 69494.
Supreme Court of Florida.
February 11, 1988.
Douglas S. Lyons of Stinson, Lyons, Gerlin & Bustamante, P.A., Miami, for plaintiffs-appellants.
*38 James E. Tribble and Douglas H. Stein of Blackwell, Walker, Fascell & Hoehl, Miami, for defendant-appellee.
KOGAN, Justice.
The case before us is Kramer v. Piper Aircraft Corp., 801 F.2d 1279 (11th Cir.1986), presented on certificate from the United States Court of Appeals for the Eleventh Circuit. We have jurisdiction pursuant to article V, section 3(b)(6), Florida Constitution.
The Kramer case arose out of injuries sustained by Kramer and his wife when the Piper Cherokee aircraft in which they were passengers crashed on takeoff from Hummel Field near Topping, Virginia, on December 6, 1975. On March 30, 1978, approximately two years and four months after the crash, the Kramers filed their complaint naming the manufacturer of the plane, Piper Aircraft Corporation (Piper), as the only defendant. The Kramers alleged that Piper negligently designed and manufactured the aircraft and asserted four different theories of recovery: negligence, strict liability, breach of implied warranty of fitness and breach of implied warranty of merchantability. The district court entered summary judgment as to all four theories in favor of Piper on the ground that the Kramers did not comply with the Virginia statute of limitations, which provides that every action for personal injuries, based on either contract or tort, must be brought within two years of the date on which the cause of action for arose. The district court reasoned that Virginia law applied because Florida adheres to the doctrine of lex loci delicti and under Florida's borrowing statute, section 95.10, Florida Statutes (1985), the causes of action "arose" in Virginia where the crash and injuries occurred. On appeal the Eleventh Circuit remanded the case to the district court for further consideration in light of the then recent decision of Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980), wherein this Court held that the significant relationship test as set forth in the Restatement (Second) of Conflict of Laws §§ 145-146 (1971) should be applied when determining which state's local law will govern the substantive rights and liabilities of the parties to a tort action. The district court again entered summary judgment in favor of Piper, citing Pledger v. Burnup and Sims, Inc., 432 So.2d 1323 (Fla. 4th DCA 1983), review denied, 446 So.2d 99 (Fla. 1984), wherein the Fourth District Court of Appeal refused to apply the test of Bishop to conflicts of law involving statutes of limitations.[1] On appeal the Eleventh Circuit concluded that the determination of the case involved a question or proposition of Florida law for which there was no controlling precedent in the decisions of the Florida Supreme Court. Therefore, the Eleventh Circuit certified the following question[2] to this Court:
(1) Under Florida law, does a person injured while a passenger on an airplane have a cause of action in implied warranty against the airplane's manufacturer, separate and distinct from a strict liability action?
801 F.2d at 1282. We answer the question in the negative and return the cause to the Eleventh Circuit Court of Appeals so that the instant case can be decided in accordance with Florida law as announced in this opinion.[3]
*39 Our answer to the certified question requires us to revisit West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976), in which we adopted the doctrine of strict liability in tort. The Kramers argue that a cause of action in implied warranty for personal injury absent privity of contract still exists in spite of the availability of the remedy of strict liability in tort. On the other hand, Piper asserts that the adoption of the doctrine of strict liability in tort supplants and renders unnecessary a side by-side remedy of noncontractual warranty for personal injury. We agree with Piper and find that this Court in West abolished the no-privity, breach of implied warranty cause of action for personal injury upon its adoption of the doctrine of strict liability in tort.
As the Eleventh Circuit notes, the language in West makes it unclear whether this Court intended to "strike the fatal blow" to all previous exceptions to the privity requirement in implied warranty actions:
The adoption of the doctrine of strict liability in tort does not result in the demise of implied warranty. If a user is injured by a defective product, but the circumstances do not create a contractual relationship with a manufacturer, then the vehicle for recovery could be strict liability in tort. If there is a contractual relationship with the manufacturer, the vehicle of implied warranty remains.
336 So.2d at 91. However, the Third District Court of Appeal in the recent products liability case of Affiliates for Evaluation and Therapy, Inc. v. Viasyn Corp., 500 So.2d 688, 692 (Fla.3d DCA 1987), accurately restates and clarifies West:
The West court fundamentally altered products liability law in Florida by creating a new products liability tort action  strict liability in tort  out of the prior breach of implied warranty cases which had done away with privity of contract. In so doing, West necessarily swept away such no-privity, breach of implied warranty cases in favor of the new action of strict liability in tort. Stated differently, the doctrine of strict liability in tort supplants all no-privity, breach of implied warranty cases, because it was, in effect, created out of these cases. This ground-breaking holding, however, did not result in the demise of the contract action of breach of implied warranty, as that action remains, said the West court, where privity of contract is shown.
This interpretation of the West doctrine is supported by language from the West opinion itself. As we noted in West our recognition of the strict liability cause of action, in most instances, merely "accomplishes a change in nomenclature" rather than presenting any great new departure from present law. 336 So.2d at 86. The source of warranty law is in contract while the obligation imposed upon a manufacturer is in the nature of enterprise liability and should not be governed by the law of sales.
[A] manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being. This doctrine of strict liability applies when harm befalls a foreseeable bystander who comes within range of the danger.
Id. at 92.
Although we did not expressly state in West that the common law implied warranty claim for personal injury no longer exists under Florida law absent privity, it is implicit from the language of the opinion that it was this Court's intent to abolish that cause of action where the remedy of strict liability is appropriate.[4]
We, therefore, affirmatively approve and adopt the opinion of the Third District Court of Appeal in Affiliates for Evaluation and Therapy, Inc. v. Viasyn Corp.
For the reasons expressed in this opinion, we answer the certified question in the negative and hold that West supplants common *40 law implied warranty in the absence of privity of contract in those instances in which a cause of action for strict liability is appropriate.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and GRIMES, JJ., concur.
NOTES
[1] In the recent case of Bates v. Cook, Inc., 509 So.2d 1112 (Fla. 1987), presented to us on certificate by the Eleventh Circuit Court of Appeals in Bates v. Cook, Inc., 791 F.2d 1525 (11th Cir.1986), we adopted the 1986 revision of § 142 Restatement (Second) Conflict of Laws (1971), which specifically sets forth the significant relationship test to be applied to conflicts of law issues involving statutes of limitations. "The borrowing statute will only come into play if it is determined that the cause of action arose in another state." 509 So.2d at 1115.
[2] The Eleventh Circuit also certified a second question, 801 F.2d at 1282, but we need not address the issue because our answer to question (1) is no:

(2) If the answer to question (1) is yes, which statute of limitations should be applied to such a cause of action?
[3] On July 31, 1987, this Court issued an order granting Piper's motion to file supplemental briefs concerning the constitutional issues raised in Bates. After careful consideration of these claims we find them to have no effect on our decision in this matter.
[4] The implied warranty cause of action remains unaltered where privity of contract exists and in those cases which fall within the scope of § 672.318, Fla. Stat. (1985), of the Florida Uniform Commercial Code.