532 So.2d 710 (1988)
ASHLEY SQUARE, LTD., et al., Appellants,
v.
CONTRACTORS SUPPLY OF ORLANDO, INC., Appellee.
No. 87-2100.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
Rehearing Denied November 3, 1988.
*711 J. Mason Williams of Gray, Harris and Robinson, P.A., Orlando, for appellants.
William F. Poole, IV, Orlando, for appellee.
ORFINGER, Judge.
Ashley Square, Ltd. (Ashley) the owner, contracted with Hillebrand, the general contractor, for the construction of an apartment complex on Ashley's property. Hillebrand entered into a subcontract with Acrylic Stucco Applicators, Inc., (Acrylic) for the application of stucco on the apartment buildings. The stucco was to be of a specific formulation. Acrylic contacted the out-of-state manufacturer of the stucco who refused to sell directly to Acrylic, but who informed Acrylic that it could purchase the product through its local distributor, Contractors Supply of Orlando, Inc. (Contractors Supply). Acrylic contracted with Contractors Supply to furnish the stucco. Contractors Supply secured the stucco from the manufacturer, and sold it to Acrylic who applied it to the buildings. Defects began to appear in the stucco after it was applied to the buildings and appellants refused to pay for the materials. Contractors Supply filed and sought foreclosure of its claim of mechanic's lien and appellants counterclaimed asserting, inter alia, breach of implied warranty of merchantability. The trial court entered summary judgment in favor of Contractors Supply on its mechanic's lien claim and against appellants on their counterclaim. We reverse.
Count I of the original counterclaim asserted the existence of an implied warranty of merchantability pursuant to section 672.314, Florida Statutes (1987). Contractors Supply answered the counterclaim and "admitted that the materials were impliedly warranted to Acrylic Stucco Applicators, Inc." but it denied that the warranty extended to appellants.[1] Section 672.314 provides for an implied warranty of merchantability where the seller is a merchant with respect to goods of the kind. In spite of its admission in the pleadings that it impliedly warranted the materials to Acrylic, Contractors Supply takes the anomolous position that it is not a merchant.
Section 672.104(1) defines "merchant" as:
(1) "Merchant" means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.
Contractors Supply argues it is not within the definition because it does not regularly supply the special stucco involved, and that Acrylic's order was the first and only time it had been asked to supply the special stucco. However, Contractors Supply clearly deals in goods of this kind. Its very name indicates the nature of its business, and the record reveals that it was the local distributor of the manufacturer. The statute is written in the disjunctive, so if the person deals in goods of the kind, he is a "merchant" under this section, whether or not he holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction. Thus the implied warranty arises because Contractors Supply is a merchant within the meaning of section 672.104(1). Because the appellants now have whatever rights *712 Acrylic possessed, the remaining issue is whether there was a breach of warranty giving rise to damages. There is evidence to support appellants' contention of breach of warranty and resulting damages, so a trial of those issues is required.
Appellants also argue a strict liability theory, raised in the pleadings by a motion to permit the filing of an amended counterclaim. The record does not reveal that appellants obtained leave of court or written consent of the adverse party. Fla. R.Civ.P. 1.190(a). Therefore we cannot determine that the amended counterclaim was properly before the trial court. On remand, appellants may apply to the trial court for an order allowing the amendment and for further proceedings thereon.
The summary judgment is reversed and the case is remanded for further proceedings.
REVERSED and REMANDED.
SHARP, C.J. and DAUKSCH, J., concur.
NOTES
[1] The record reveals a written assignment from Acrylic to Ashley Square and Hillebrand of all rights, claims, causes of action, etc. which Acrylic may have against Contractors Supply and others. Although a cause of action for breach of implied warranty of merchantability or fitness for a particular purpose appears to no longer exist in Florida in the absence of privity, Kramer v. Piper Aircraft Corporation, 520 So.2d 37 (Fla. 1988), see also Cedars of Lebanon Hospital Corp. v. European X-Ray Distributors of America, Inc., 444 So.2d 1068 (Fla. 3d DCA 1984), the assignment places Ashley Square and Hillebrand in Acrylic's shoes, and clearly privity exists between Acrylic and Contractors Supply.