537 So.2d 596 (1988)
WESTINGHOUSE CORPORATION, Appellant/Cross-Appellee,
v.
Catherine RUIZ, As Next Friend of Nikolas Ruiz, a Minor, and Catherine Ruiz and James Ruiz, As Parents of Nikolas Ruiz, Appellees/Cross-Appellants.
Nos. 88-46, 88-308.
District Court of Appeal of Florida, Third District.
November 8, 1988.
Roy D. Wasson, Miami, for appellant/cross-appellee.
Keith Chasin; Lawrence & Daniels and Adam H. Lawrence, Miami, for appellees/cross-appellants.
Before NESBITT and FERGUSON, JJ., and VANN, HAROLD R., Associate Judge.
FERGUSON, Judge.
A department store escalator caused third-degree lacerations to the left hand of four-year-old Nikolas Ruiz. Two facts are not disputed; (1) neither Nikolas nor his mother was negligent, and (2) the escalator was under the exclusive control of the department store, J.C. Penney. The store settled with the appellants for $10,000 and was never a party to this action.
The complaint against Westinghouse, the manufacturer of the escalator, was based on theories of implied warranty, strict liability, and negligence. At the commencement of trial the plaintiffs abandoned the causes of action based on strict liability and negligence, and proceeded with the suit on a single cause of action for breach of implied warranty. The jury returned an $8,000 plaintiffs' verdict.
One of several issues raised by Westinghouse is that the plaintiffs cannot recover against Westinghouse because, as between the parties, there was no privity of contract. We agree. The doctrine of strict liability in tort supplants all no-privity, breach of implied warranty cases. A contract action for breach of implied warranty *597 does not lie where there is no privity of contract. Kramer v. Piper Aircraft Corp., 520 So.2d 37 (Fla. 1988).[1]
REVERSED.
NOTES
[1] Kramer was decided on a certified question from the United States Court of Appeals for the Eleventh Circuit two weeks after the circuit court entered its judgment in this cause.