540 So.2d 825 (1989)
In re STANDARD JURY INSTRUCTIONS (CIVIL CASES 88-3).
No. 73277.
Supreme Court of Florida.
March 9, 1989.
Sam Daniels, Miami, and Robert P. Smith, Jr., Chairman, Committee on Standard Jury Instructions (Civil), Tallahassee, for petitioner.
PER CURIAM.
The Florida Supreme Court Committee on Standard Jury Instructions (Civil) has recommended that the Florida Bar be authorized to publish as additions to Florida Standard Jury Instructions (Civil) amendments to SJI 6.12, Punitive Damages; SJI 4.11, Violation of Traffic Regulation; PL Product Liability and Model Charge 7, comments; SJI 6.2a, Personal Injury and Property Damages: Elements; and various charges (SJI 3.7, 3.8, and 6.1) to implement provisions of the 1986 Tort Reform Act concerning apportionment of damages by fault. We provided oral argument on the proposals, at which no one objected. We have reviewed the proposed amendments and comments of interested persons thereon.
We approve publication of the proposed amendments, together with the committee's comments. As with all such authorized publications, we remind all concerned that our approval does not foreclose a party from contesting the legal correctness of the instructions, nor does it foreclose requests for additional or alternative instructions in the areas covered. See Form 1.985, Fla.R.Civ.P. The amendments are set out following this opinion and will be effective immediately upon its filing.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
(Substitute for existing 6.12):

6.12

PUNITIVE DAMAGES

a. Punitive damages generally:
If you find for (claimant) and against defendant (name defendant whose conduct may warrant punitive damages), you may consider whether in the circumstances of this case it is appropriate to award punitive damages, in addition to compensatory damages, *826 as punishment and as a deterrent to others.
Punitive damages may be awarded in your discretion if the conduct of (defendant) causing loss or injury to (claimant) was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct.
Or, such damages may be awarded if that conduct so entirely lacked any care that the defendant must have been consciously indifferent to the consequences, or [he] [she] wantonly or recklessly disregarded the safety and welfare of the public.
Finally, such damages may be awarded if (defendant's) conduct showed such reckless indifference to the rights of others as to be equivalent to an intentional violation of those rights.
You may in your discretion decline to award punitive damages. If you find that punitive damages should be assessed against [the] [any] defendant, then in fixing the amount of such damages, you should consider the nature, extent and degree of the misconduct and the related circumstances [including the financial resources of such defendant]. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant in different amounts.]

b. Attributed liability for acts of managing agent, primary owner, or certain others:
If you find for (claimant) and against (defendant corporation or partnership), and you find also that the greater weight of the evidence shows that the conduct of (name managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior's fault) was a substantial cause of loss of injury to (claimant) and that such conduct warrants an award of punitive damages against him in accordance with the standards I have mentioned, then in your discretion you may also award punitive damages against (defendant corporation or partnership).

c. Vicarious liability for acts of servant:
If you find for (claimant) and against (defendant employer), and you find also that (name employee) acted in such a manner as to justify an award of punitive damages against him in accordance with the standards I have mentioned, then if the greater weight of the evidence shows also that (defendant employer) was negligent and that such negligence contributed to (claimant's) loss or injury, you may in your discretion award punitive damages against (defendant employer). If the greater weight of the evidence does not show such negligence by (defendant employer) independent of the conduct of (name employee), punitive damages may not be awarded against (defendant employer).

NOTE ON USE
1. When there is a need to give both 6.12a and either 6.12b or c, 6.12a should be given first if the person whose conduct may warrant punitive damages is a defendant and punitive damages are sought against him. That person should be named in 6.12a where indicated. Then 6.12b or c should be given in reference to the attributed or vicarious liability of a corporate or partnership defendant. If the person whose conduct may warrant punitive damages is not a defendant or punitive damages are not sought against him, the order and content of the charge should be modified to give the substance of 6.12b or c first, followed by 6.12a.
2. 6.12a is designed for use in most tort cases. However, certain types of intentional torts may require a punitive damage charge appropriate to the particular tort. See generally First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla. 1987); Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985).
3. 6.12b should be used when defendant's liability for punitive damages is by attribution of the acts of a managing agent, primary owner, or another whose acts may be deemed the acts of the defendant. See Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla. 1985); Winn *827 Dixie Stores, Inc. v. Robinson, 472 So.2d 722, 724 (Fla. 1985); and Taylor v. Gunter Trucking Co., Inc., 520 So.2d 624 (Fla. 1st DCA 1988). 6.12c should be used in other cases, where defendant's vicarious liability for punitive damages requires additional proof of "some independent fault" by the principal. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 548, 549 (Fla. 1981).

COMMENT
See Chrysler Corp. v. Wolmer, 499 So.2d 823 (Fla. 1986); Como Oil Co., Inc. v. O'Loughlin, 466 So.2d 1061 (Fla. 1985); White Construction Co., Inc. v. Dupont, 455 So.2d 1026 (Fla. 1984); and Carraway v. Revell, 116 So.2d 16 (Fla. 1959), for statement of proof required for punitive damages; and Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla. 1985), concerning the need to consider the nature, extent and degree of misconduct in assessing the amount of punitive damages.
(Substitute for existing 4.11):

4.11

VIOLATION OF TRAFFIC REGULATION

EVIDENCE OF NEGLIGENCE
Read or paraphrase the applicable statute or refer to the ordinance admitted in evidence.
Violation of this [statute] [ordinance] is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such a traffic regulation, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.

NOTE ON USE
This charge should not be given if the statute or ordinance in question provides that its violation is not evidence of negligence. E.g., § 316.613, Fla. Stat. (1987) (failure to provide and use a child passenger restraint inadmissible in civil action as evidence of negligence). The committee takes no position on the effect on SJI 6.14 of § 316.614(10), Fla. Stat. (1987) (violation of seat belt statute not negligence per se nor "prima facie" evidence of negligence in civil action).

COMMENT
See Baggett v. Davis, 124 Fla. 701, 169 So. 372 (1936); Allen v. Hooper, 126 Fla. 458, 171 So. 513 (1937); Clark v. Sumner, 72 So.2d 375 (Fla. 1954).

PL PRODUCT LIABILITY AND MODEL CHARGE 7
Approved 7/9/88
(Delete stricken through language and add underlined language):

PL PAGE 3 COMMENT 1
1. Privity. These charges on product liability issues presuppose that all questions of privity are resolved and that claimant is one to whom, as a matter of law, a warranty was extended. any question of privity has been resolved in favor of the claim. For the effect of strict liability doctrine on claims of warranty previously requiring privity, see § 672.318, Florida Statutes (1987), and Kramer v. Piper Aircraft Corp., 520 So.2d 37, text at 39 and n. 4 (Fla. 1988). Should it be necessary to submit to the jury a factual issue on privity, the committee recommends that it be submitted in the style of a preliminary charge on status or duty as in SJI 3.2.

MODEL CHARGE 7, PP. 37, 38

COMMENT
The committee omitted an implied warranty of merchantability claim from Model Charge No. 7 because in practice claimants frequently delete that theory when a case for the jury is made on negligence and strict liability. That theory is deleted in order to gain
The committee purposefully omitted from this hypothetical case, and from Model Charge 7, any possible claim by John Smith against the retailer and manufacturer based on a theory of implied warranty. Whether or not Smith was in privity with *828 either defendant, see § 672.318, Florida Statutes (1987), and regardless of any implied warranty claim that may have existed notwithstanding his strict liability claim, see Kramer v. Piper Aircraft Corp., 520 So.2d 37, 39 n. 4 (Fla. 1988), the claims in this hypothetical case included no claim of implied warranty. Even before Kramer, claimants frequently deleted that theory in cases sufficient for the jury on claims of negligence and strict liability. Doing so gains simplicity and clarity in the charge and in the special verdict form which is made necessary by the defense of contributory (comparative) negligence. Lawrence v. Florida East Coast Ry. Co., 346 So.2d 1012 (Fla. 1977). Claimant's proof and arguments on strict liability and on implied warranty are often identical, and claimant's burden of proof is similar on the two claims. Yet adding an implied warranty claim tends to make the charge and special verdict form difficult to understand. Claimants are further motivated to drop the implied warranty claim because any damages awarded on that claim may be reduced more, because of claimant's contributory negligence, than the damages awarded on his strict liability claim. West v. Caterpillar Tractor Co., Inc., 336 So.2d 80, 91-92 (Fla. 1976). In this hypothetical case, therefore, plaintiff John Smith's lawyer either did not plead breach of implied warranty of merchantability, or he with drew that claim at the close of all evidence, or he agreed to submit the case to the jury on issues of negligence and strict liability only.

SJI 6.2a
(Delete language stricken through and add underlined language):

6.2

PERSONAL INJURY AND PROPERTY DAMAGES: ELEMENTS

a. Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life:
Any bodily injury sustained by (name) and any resulting pain and suffering [, disability or physical impairment] [, disfigurement] [, mental anguish] [, inconvenience] [and] [loss of capacity for the enjoyment of life] experienced in the past [or to be experienced in the future].

REVISIONS TO SJI (CIVIL) ACCOMMODATING 1986 TORT REFORM ACT APPORTIONING CERTAIN DAMAGES ACCORDING TO FAULT
Amend 3.7 GREATER WEIGHT (PREPONDERANCE) OF EVIDENCE AND BURDEN OF PROOF as follows:
If the greater weight of the evidence does not support the claim of (claimant), then your verdict should be for (defendant)(s).
[*] [However, if the greater weight of the evidence does support the claim of (claimant), then your verdict should be for (claimant) and against (defendant).]
[However, if the greater weight of the evidence does support the claim of (claimant) against one or [both] [more] of the defendants, then you should determine and write on the verdict form what percentage of the total negligence of [both] [all] defendants is chargeable to each.]

NOTE ON USE
[*] 1. Use the first paragraph in all cases. If there is an affirmative defense to the claim that is the subject of the charge, do not use either of the bracketed paragraphs the second, bracketed paragraph; instead, turn to 3.8. If there is no affirmative defense, use the first or the second bracketed paragraph depending on whether there is one defendant or more than one; then turn to 3.9.
2. "Preponderance of evidence" and "burden of proof." The committee recommends that no charge be given using these terms, which are considered not helpful to a jury and not necessary in a charge that otherwise defines "greater weight of the evidence" (3.9) and instructs the jury on the consequences of its determining that the greater weight of the evidence supports or does not support the claim or defense of a party.
*829 Amend 3.8 GREATER WEIGHT OF EVIDENCE AND BURDEN OF PROOF ON DEFENSE ISSUES as follows (at 3.8 pp 3 and 4):
If the greater weight of the evidence does not support the defense[s] of (defendant)(s) and the greater weight of the evidence does support the claim of (claimant), then [your verdict should be for (claimant) in the total amount of his damages] [*] [you should determine and write on the verdict form what percentage of the total negligence of [both] [all] defendants is chargeable to each].
[*] Use second bracketed alternative above when there is more than one defendant.
If, however, the greater weight of the evidence shows that both (claimant) and (defendant) [defendant] [one or more of the defendants] were negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should determine and write on the verdict form what percentage of the total negligence of [both] [all] parties to this action is chargeable to each.

NOTE ON USE AND COMMENTS REMAINS AS PUBLISHED IN 3.8 p. 4.
Amend 6.1 PERSONAL INJURY AND PROPERTY DAMAGES: INTRODUCTION as follows, in 6.1b and 6.1c:

b. When there is no issue of contributory negligence:
If you find for (defendant) defendant[s] you will not consider the matter of damages. But, if you find for (claimant) you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate him for such [loss] [injury] [or] [damage], including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements:
Enumerate appropriate elements (6.2)
[*] [In entering a judgment for damages based on your verdict against [either] [any] defendant, the court will take into account the percentage of that defendant's [negligence] [fault] as compared to the total [negligence] [fault] of all parties to this action.]
[*] Use the bracketed additional charge only when there are two or more defendants; the reference to "fault" in this additional charge is designed for use in product liability cases.

c. When there is an issue of contributory negligence:
If your verdict is for (defendant)(s), you will not consider the matter of damages. But if you find for (claimant), you should determine and write on the verdict form, in dollars, the total amount of [loss] [injury] [or] [damage] which the greater weight of the evidence shows he sustained as a result of the incident complained of, including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements.
Enumerate appropriate elements (6.2)
Give 6.9 (mortality tables), 6.10 (reduction to present value) and 6.13 (collateral source), if applicable.
In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of (claimant). The court will enter a judgment based on your verdict and, if you find that (claimant) was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find is chargeable to (claimant).
[The court will also take into account, in entering judgment against any defendant whom you find to have been at fault, the percentage of that defendant's [negligence] [fault] compared to the total [negligence] [fault] of all the parties to this action.]
Use the bracketed paragraph above only when there is more than one defendant.