ALTENBERND, Judge.
The plaintiffs, Ronald and Carol Adel-sperger, appeal an order dismissing their fourth amended complaint with prejudice. Mr. Adelsperger was a deputy sheriff with the Glades County Sheriff’s Department. He sustained severe injuries on June 17, 1984, as a result of an altercation with Robert Gregory Milicevic at the Riverboat Inn, located in Moore Haven, Florida. The trial court dismissed the plaintiffs’ four-count complaint against Riverboat, Inc., and Rocco Scavetta, Inc., primarily because it concluded that the claim was barred by the Firefighter’s Rule approved by the supreme court in Kilpatrick v. Sklar, 548 So.2d 215 (Fla.1989). While we agree that *81 this case is controlled by the Firefighter’s Rule and that the trial court properly dismissed counts I, III, and IY of the fourth amended complaint, we reverse the dismissal of count II because the allegations are sufficient to state a cause of action under the constraints of the Firefighter’s Rule.
The plaintiffs’ fourth amended complaint contains extensive allegations concerning the altercation at the Riverboat Inn on the day in question and also concerning numerous similar problems at this lounge. On June 17, 1984, the management at the Riverboat Inn allegedly called the Glades County Sheriff’s Department and requested a deputy to break up a fight in the parking lot. Deputy Adelsperger responded and broke up several fights in the parking lot. After he had finished, the employees at the lounge asked him to go inside the lounge to stop a fight. The employees did not inform him that one of the participants, Mr. Milicevic, had been involved in prior brutal assaults at the Riverboat Inn. 'Deputy Adelsperger entered the lounge and attempted to arrest Mr. Milicevic. Mr. Milicevic was allegedly intoxicated and under the influence of illicit substances. Mr. Milicevic hit the deputy with such force that his sternum was crushed. Deputy Adelsperger’s heart sustained injury, and he is now disabled.
The plaintiffs’ pleadings describe in detail an additional 21 incidents of violence at the bar for which police reports were prepared between February 11,1984, and June 16, 1984. Moreover, the pleadings allege that sheriff’s deputies made at least 100 additional trips to the Riverboat Inn in that same period to quell lesser problems for which the deputies did not make formal written reports. The pleadings allege that the sheriff’s department asked the bar to give “letters of persona non grata” to various patrons who had repeatedly caused problems in the past. The Riverboat Inn refused to do so because it needed or desired the revenues generated by these patrons.
Allegedly, the management of the Riverboat Inn had failed to cooperate in criminal prosecutions of its patrons for acts of violence at the bar. It had refused to provide security guards and had not trained its own employees in proper security measures. It was aware that the violence at the bar was related to excessive alcohol consumption as well as the use of illegal drugs, and allegedly had encouraged these activities.
The trial court based its decision on the Firefighter’s Rule. As approved by the supreme court, the Firefighter’s Rule states:
Once upon the premises, the fireman or policeman has the legal status of a licensee and the sole duty owed by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn him of any defect or condition known to the owner or occupant tq be dangerous, if such danger is not open to ordinary observation by the licensee.
Kilpatrick, 548 So.2d at 216 (quoting P.J. ’s of Daytona, Inc. v. Sorenson, 520 So.2d 613, 614 (Fla. 5th DCA 1987), review denied, 529 So.2d 695 (Fla.1988)).
The plaintiffs present two primary arguments on appeal. First, the plaintiffs argue that the Firefighter’s Rule has been abolished by the legislature and that the new statutory rule should apply to this case. The plaintiffs correctly note that the legislature adopted section 112.182, Florida Statutes (Supp.1990), to abolish the Firefighter Rule. Ch. 90-308, Laws of Fla. From a constitutional perspective, it is possible that this act could not be retroactively applied to modify the standard of care owed by the Riverboat Inn for an event which occurred in 1984.
We do not need to reach this constitutional issue, however, because the legislature has given no indication that it intends this substantive statute to apply to pending lawsuits rather than to new causes of action. The legislature adopted this statutory modification of the standard of care owed by property owners to “take effect upon becoming a law.” [1] In order to avoid *82 complex arguments concerning the intent of the legislature, the supreme court has announced a general rule that substantive statutes will be presumed to be prospective in application unless the legislature expressly and unequivocally announces a contrary intent within the act. Fleeman v. Case, 342 So.2d 815 (Fla.1976). No such intent is expressed in chapter 90-308, Laws of Florida.
Second, the plaintiffs argue that their allegations are sufficient to state a cause of action under the Firefighter’s Rule. We agree. This rule is frequently justified by a belief that the owners and occupiers of real property should not be discouraged from making an occasional call to the police or fire department out of fear that the officers who respond may sustain injuries on the property in the course of their dangerous jobs. In this case, it appears that the occasional calls had become almost a nightly event. If the allegations are true, the Riverboat Inn had essentially retained the sheriffs deputies as unpaid security guards to whom no workers’ compensation or other benefits were provided. Moreover, the deputies were being asked to quell violence which was not discouraged, and even affirmatively promoted, by the policies and practices of the Riverboat Inn.
Under the Firefighter’s Rule, in order to recover compensatory damages, the plaintiffs, as licensees, are obligated to allege willful or wanton conduct approaching that which would authorize a recovery of punitive damages in a standard negligence action. See generally Peltz, The Transformation of the “Fireman’s Rule” from a Limited Premise Liability Doctrine into an Illogical Broad Barrier to Fair Compensation, 17 Stetson L.Rev. 137 (1987). In order to recover punitive damages in a standard negligence action, a plaintiff must allege more than gross negligence. “[T]he degree of negligence necessary for punitive damages is willful and wanton misconduct, equivalent to criminal manslaughter.” Como Oil Co. v. O’Loughlin, 466 So.2d 1061, 1062 (Fla.1985).
The character of negligence necessary to sustain an award of punitive damages must be of a “gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them”.
White Constr. Co. v. Dupont, 455 So.2d 1026, 1029 (Fla.1984) (quoting Carraway v. Revell, 116 So.2d 16 (Fla.1959)).
Despite the similarity of the language used in the standard of care for licensees and the standard for recovery of punitive damages, we are not inclined to believe that the tests are identical. Before the supreme court emphasized the strict standard governing punitive damages in White Construction and Como Oil, Florida Standard Jury Instruction (Civil) 6.12 permitted a recovery of punitive damages against a defendant who “acted with malice, moral turpitude, wantonness, willfulness, or reckless indifference to the rights of others.” In March 1989, that instruction was substantially modified. In re Standard Jury Instructions (Civil), 540 So.2d 825 (Fla. 1989). If it was not clear before White Construction and Como Oil, it is now clear that the goals to be achieved by an award of damages, over and above compensatory damages, to punish specific conduct are different than those for an award of compensatory damages to an injured licensee.
We have no occasion to determine whether the plaintiffs’ allegations would be sufficient to permit a recovery of punitive *83 damages because the plaintiff has made no request for them. We merely hold that the plaintiffs’ allegations of chronic, longstanding violence at the Riverboat Inn, its policies and practices of ignoring or promoting that violence, and its regular and repeated requests for the police to serve as its security force, are sufficient to state a cause of action under the Firefighter’s Rule.
Affirmed in part, reversed in part.
PARKER, A.C.J., and PATTERSON, J., concur.

. By contrast, when the legislature created joint contribution among tortfeasors, it expressly *82 made that statute applicable to all pending lawsuits. Ch. 75-108, § 4, Laws of Fla.; see Sol Walker & Co. v. Seaboard Coast Line R.R., 362 So.2d 45 (Fla. 2d DCA 1978); Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978), cert. denied, 389 So.2d 1179 (Fla.1980). The 1986 legislative tort reforms were made applicable to causes of action which accrued on or after the effective date of the new statutes. § 768.71, Fla.Stat. (1987).