Sandra M. MITCHELL and Roy Carl Mitchell, her husband Plaintiffs,

v.

VLI CORPORATION, Defendant.

No. 88–780–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

March 12, 1992.

Peter O. Brick, Brick & Davis, P.A., Port Richey, Fla., Steve Briley, Banner, Dobbs & Briley, Wichita Falls, Tex., for plaintiffs.

Edward W. Gerecke, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This diversity action is before the court on defendant's motion for summary judgement. Plaintiffs have sued defendant under theories of strict liability, negligence in manufacture and testing, failure to warn of possible adverse reactions, misrepresentation, and breach of express and implied warranty in connection with Plaintiff's use of Defendant's product.

This circuit holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue at to any material fact when all of the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), *quoting Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969).

The Supreme Court held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof of trial. *Id.* at 322, 106 S.Ct. at 2552.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and be her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial." *Id.* at 322, 106 S.Ct. at 2552.

## FACTS

On June 1, 1984, Plaintiff Sandra Mitchell used a "Today" contraceptive sponge manufactured by the Defendant, VLI Corporation. The sponge is an "over-the-counter" product and is packaged with an insert that describes the product, its proper use and possible side effects. Mrs. Mitchell had obtained the sponge from her physician, Dr. James R. Light, who had informed her of the sponge as a means of birth control. Although Dr. Light could not specifically recall her office visit, he testified that his office procedure at that time was to inform his patients that some people experience allergic reactions to using the sponge, such as simple burning, itching, or redness. Mrs. Mitchell stated that she fully read the package insert during the office visit and discussed the use of the sponge with Dr. Light.

The sponge is designed to be left in place after intercourse for a minimum of six hours to be effective. A few hours after using the sponge, Mrs. Mitchell experienced abdominal cramps, swelling of her face and extremities, a bodywide burning rash and severe pain, along with nausea and vomiting. Within the months that followed, she experienced a chronic vaginal infection and encountered pain while performing sexual intercourse. Dr. Light testified that Mrs. Mitchell had experienced an allergic reaction but that her reaction was much more severe than the type of reactions about which he had advised his patients.

Six weeks following surgery, Dr. Light prescribed the drug Monostat to Mrs. Mitchell for the purpose of eliminating a vaginal discharge resulting from a secondary yeast infection, which he attributed to complications from her reaction to the sponge. Under the care of a different physician, Mrs. Mitchell underwent an unsuccessful D & C procedure in January, 1985, followed by a hysterectomy shortly thereafter which eliminated the remaining infec-

tion. The doctor who advised Mrs. Mitchell to proceed with these medical procedures and performed the procedures was not deposed by Mitchell. Sandra Mitchell is joined in this action by Roy C. Mitchell, her husband.

VLI characterized Mrs. Mitchell's response to the use of the sponge as an "allergic reaction." This specific language is mentioned in the product inserts that are packaged with the Today sponge. However, the parties dispute which product insert was included within the package that Mrs. Mitchell received from Dr. Light. Mrs. Mitchell contends that the insert she received noted this language in a general information section of the insert that stated, "Of the 719 women in U.S. studies, ... 14(1.9%) discontinued (use) because of allergic reactions," and that the "Warnings" section of the insert failed to mention the "allergic reaction" language or any of the symptoms and consequences that she experienced. VLI contends that a different insert was included with the sponge. This insert noted in the product overview section that "1–3% (of women) discontinued use because of allergic reactions." In the "Warnings" section of the second insert, it referred to Toxic Shock Syndrome and related symptoms of "vomiting, diarrhea, muscular pain, dizziness, and rash similar to sunburn," along with direction to contact a physician if the user experiences an "allergic reaction."

Mrs. Mitchell also put forth an affidavit from Dr. Armand Lione, a Pharmacologist and Toxicologist. It was Dr. Lione's opinion that the package insert failed to warn of the severity of the potential problems associated with the spermicide used in the sponge. He stated that the spermicide may cause acute vaginitis, pelvic inflammatory disease, and chronic pain. Dr. Lione opined that the insert was misleading by stressing safety, convenience, and reliability without making warnings conspicuous or specific. He described the insert as being false wherein it stated that "clinical tests have indicated no evidence of significant health risk" where his knowledge was to the contrary.

Sandra Mitchell and her husband, Roy C. Mitchell, filed a six-count complaint against VLI Corporation under theories of strict liability, negligent manufacturing, negligent testing and control, negligent misrepresentation, failure to warn, and for breach of express and implied warranties.

Following discovery, defendants filed the motion for summary judgment primarily on the basis that Plaintiffs failed to set forth affirmative evidence that the sponge was defective or negligently manufactured.

DISCUSSION

ADEQUACY OF WARNING

■ Under Florida law, the adequacy of the warnings that accompany prescription drugs is decided as a question of law only when the warning is accurate, clear, and unambiguous. *Upjohn Co. v. MacMurdo*, 562 So.2d 680 (Fla.1990). While the Today contraceptive sponge is neither a drug nor was prescribed by a doctor, this statement of the law appears sufficiently relevant given the nature of the claim and the product involved. For summary judgment purposes, the issue therefore is whether the warnings on the package insert that Mrs. Mitchell allegedly received were accurate, clear, and unambiguous in warning her of a possible pelvic infection that could necessitate having a hysterectomy.

In *Upjohn Co. v. MacMurdo, supra*, the Florida Supreme Court found warnings adequate as a matter of law when a prescription drug caused continuous menstrual bleeding and the package insert explicitly stated that "breakthrough bleeding, spotting, and changes in menstrual flow are adverse reactions which have been observed from using the drug." A similar finding was precipitated in *Felix v. Hoffmann–LaRoche, Inc.*, 540 So.2d 102 (Fla. 1989), where the plaintiff ingested accutane during pregnancy and the package insert specifically stated "patients who are pregnant ... should not receive accutane." While *Upjohn* and *Felix* involve prescription drugs and therefore the adequacy of the warnings is directed towards the doctor, the precedent is analogous as to whether the insert with the Today sponge, a

nonprescription product, was equally clear to Mrs. Mitchell.

■ While it is uncontroverted that Mrs. Mitchell suffered an allergic reaction and that the inserts mention "allergic reaction," neither insert is clear or unambiguous as to what constitutes an allergic reaction. It is unclear whether the scope of an allergic reaction would encompass a chronic infection that could ultimately necessitate a hysterectomy, particularly as read and understood by a layperson. Whereas the warnings noted in *Felix* and *Upjohn* were specific and direct in denoting potential adverse affects, the "allergic reaction" warnings noted on either package insert were not clear in informing Mrs. Mitchell of the potential adverse affects. The Court finds that neither of the warnings were sufficiently accurate, clear, and unambiguous and therefore, the adequacy of the warnings should be determined by a jury. A jury should also determine which warning was actually received by Mitchell, as this fact will assist in its determination of whether Mitchell was adequately warned.

■ VLI posits that the "learned intermediary" doctrine is applicable in eliminating its duty to warn Mrs. Mitchell. See *Buckner v. Allergan Pharmaceuticals, Inc.*, 400 So.2d 820, 822 (Fla. 5th DCA 1981), *review denied,* 407 So.2d 1102 (Fla. 1981). This doctrine holds that a pharmaceutical manufacturer's duty extends only to the physician where a patient is prescribed a prescription drug. VLI contends that because Dr. Light gave the contraceptive sponge to Mrs. Mitchell, the sponge was comparable to a prescription drug and therefore, his medical advice and his appreciation of what constituted an allergic reaction appropriately eliminated VLI's duty to warn Mrs. Mitchell. The Court, however, finds that the learned intermediary doctrine is not properly applied in this instance because the Today sponge was a nonprescription product. Considering that Mrs. Mitchell could have obtained the sponge over-the-counter, it would be illogical to treat her differently based on the mere fortuity that she obtained a sample of the sponge from her physician. Therefore, the

learned intermediary doctrine should not be expanded to control in this circumstance. As a result, VLI's duty to warn appropriately ran to Mrs. Mitchell. Accordingly, summary judgment is denied on the counts of negligent failure to warn or strict liability through the failure to warn.

## PROXIMATE CAUSE

■ With respect to proximate cause, VLI contends that Plaintiffs failed to affirmatively establish that the sponge caused any injury other than the allergic reaction. While Dr. Light testified that Mrs. Mitchell did experience an allergic reaction to the use of the sponge, he stated that her reaction was much more severe than the type of allergic reaction that he expected. He also testified that six weeks subsequent to the allergic reaction, he treated Mrs. Mitchell for a yeast infection that he attributed to the allergic reaction from the sponge. Mrs. Mitchell testified that the infection ultimately prompted the hysterectomy. When this evidence is viewed in a light most favorable to the Mitchells, it appears that the bare minimal level of affirmative evidence is met to satisfy proximate cause. Accordingly, summary judgement is denied on the issue of proximate cause.

## WARRANTIES

■ Defendants assert that the absence of privity between the parties necessitate the dismissal of all warranty claims where such claims are plead in conjunction with strict liability claims. This contention appears correct with respect to implied warranty claims. Defendants cite the Florida Supreme Court case of *Kramer v. Piper Aircraft Corp.*, 520 So.2d 37 (Fla.1988), where the court held that common law implied warranty actions are supplanted where strict liability actions are pursued in the absence of privity of contract. However, the *Kramer* precedent does not address express warranties. The existence of an express warranty has been held to be a question of fact. *Knipp v. Weinbaum*, 351 So.2d 1081 (3d DCA 1977). According-

ly, summary judgment is granted only with respect to the implied warranty action.

## MISREPRESENTATION

For a common law action in misrepresentation, the plaintiff is required to prove that the defendant knowingly made a false representation concerning a material fact to induce the plaintiff to justifiably rely on the statement and suffered damages. *Azar v. Richardson Greenshields Securities, Inc.,* 528 So.2d 1266 (Fla.2d DCA 1988); *Cavic v. Grand Bahama Development Co., Ltd.,* 701 F.2d 879 (11th Cir.1983). The determination as to whether these elements exist are factual questions. *Casey v. Welch,* 50 So.2d 124 (Fla.1951); *Biscayne Blvd. Properties, Inc. v. Graham,* 65 So.2d 858 (Fla.1953); *Azar v. Richardson Greenshields Securities, Inc.,* 528 So.2d 1266 (Fla. 2d DCA 1988). The affidavit of Dr. Lione purports to show that the package insert was false and misleading and that test results showed possible adverse health effects from the sponge prior to the its introduction into the marketplace. Mrs. Mitchell testified that she read the package insert prior to using the sponge, which would tend to support the premise that she relied upon the insert. When viewing the evidence in a light most favorable to the nonmoving party, it appears therefore that the relevant questions of fact exist. Therefore, summary judgment with respect to common law misrepresentation is denied.

## NEGLIGENT MANUFACTURE, DESIGN & TESTING

As the Mitchells failed to introduce any evidence concerning VLI's negligence in the manufacture, design, or testing of the Today sponge, partial summary judgment is granted in favor of VLI on these counts. This result is not inconsistent with decision above regarding the adequacy of the warning as the Mitchells have contended that the Today sponge is an inherently dangerous product. As an inherently dangerous product, the manufacturer is generally held to a duty to inform the user of the dangerous qualities of the product. *Tam-*

*pa Drug Co. v. Wait,* 103 So.2d 603 (Fla. 1958). Accordingly, it is

ORDERED that the motion for summary judgment is granted as to the actions based on implied warranty and negligent manufacture, design, and testing and these counts are dismissed, with prejudice and the remaining portions of the motion for summary judgment are denied.

DONE and ORDERED.