**AIRPORT RENT–A–CAR, INC.,**
**a Florida Corporation,**
**Plaintiff,**

v.

**PREVOST CAR, INC., a New Jersey**
**Corporation, Defendant.**

**No. 91–6653 CIV.**

United States District Court,
S.D. Florida.

April 3, 1992.

**1204**

Hugh T. Maloney, Patterson Maloney & Gardiner, Fort Lauderdale, Fla., for plaintiff.

Robert L. Sellars, Sellars Supran Cole Marion & Espy, West Palm Beach, Fla., for defendant.

## ORDER DENYING MOTION TO STRIKE AMENDED COMPLAINT AND GRANTING MOTION TO DISMISS

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant's motion to strike the amended complaint pursuant to *Fed. R.Civ.P.* 12(f). In the alternative, Defendant moves the Court to dismiss the amended complaint, for failure to state a claim upon which relief can be granted, pursuant to *Fed.R.Civ.P.* 12(b)(6).

### FACTUAL BACKGROUND

This action arises from the destruction of two passenger buses, owned by Plaintiff Airport Rent–A–Car, Inc. ("Rent–A–Car"), and manufactured by Defendant Prevost Car, Inc. ("Prevost"). Rent-a-Car alleges that both buses caught fire while traveling outside the state of Florida. In both incidents, a fire spread from the rear of the bus towards the front, completely engulfing and destroying each bus. In its amended complaint, Rent-a-Car seeks damages for the loss of the buses under three theories of liability: (1) strict liability; (2) negligence; and (3) breach of implied warranty.[1]

---

1. The buses caught fire while traveling through     Alabama and Georgia, respectively. Despite the

## MOTION TO STRIKE

■ Prevost moves to strike Rent-a-Car's amended complaint on the grounds that it was filed while a motion to dismiss the original complaint was pending. Prevost erroneously relies on *Fed.R.Civ.P.* 15(a), which provides, in pertinent part, "A party may amend the party's pleading once as a matter of course at any time *before a responsive pleading* is served." (Emphasis added). A motion to dismiss is not a responsive pleading. *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir.1979). Therefore, Rent-a-Car properly exercised its right to amend the complaint. *See also Driscoll v. Smith Barney, Harris, Upham & Co., Inc.*, 815 F.2d 655, 659–60 (11th Cir.1987) (Where "Defendants' only filing prior to the motion to amend was their motion to dismiss and to compel arbitration," Plaintiffs' "right to amend their complaint once as a matter of course remained unimpeded.").

## MOTION TO DISMISS

In the alternative, Prevost has moved to dismiss Rent-a-Car's amended complaint. As grounds, Prevost asserts that Rent-a-Car may not recover in tort for damage to the product itself, absent personal injury or damage to other property. Prevost further asserts that the Court should dismiss Rent-a-Car's breach of implied warranty claim for failure to allege privity of contract. Prevost is correct.

## STANDARD OF REVIEW

To state a claim, *Fed.R.Civ.P.* 8(a) requires, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court must "take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the Plaintiff." *Burch v. Apalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 798 (11th Cir.1988) (citation

omitted), *aff'd*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)).

## TORT CLAIMS

■ Florida has adopted the "economic loss rule," which precludes recovery in tort for damages to the product itself, absent personal injury or damage to other property. *Florida Power & Light Co. v. Westinghouse Elec.*, 510 So.2d 899, 901 (Fla.1987) ("[A] manufacturer in a commercial relationship has no duty under either a negligence or strict products liability theory to prevent a product from injuring itself.") (citing *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871, 106 S.Ct. 2295, 2302, 90 L.Ed.2d 865 (1986)). The Florida Supreme Court reasoned that the principles of contract law, specifically the express and implied warranty provisions contained within the Uniform Commercial Code, are better suited than tort principles for resolving economic loss claims. *Florida Power & Light*, 510 So.2d at 902.

■ Rent-a-Car concedes the applicability of the economic loss rule. Rent-a-Car invokes, however, two exceptions to this rule: (1) no alternate remedy; and (2) sudden calamity. Neither exception applies to this case. Under the no alternate remedy exception, Florida permits recovery in tort for economic loss when there is no contract under which the party may recover for the

potential applicability of foreign law, the parties relied on Florida law for the arguments presented in their legal memoranda. For purposes of the instant motions in this diversity action, therefore, the Court has applied Florida law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct.

817, 82 L.Ed. 1188 (1938). Although Prevost states in its reply memorandum that it does not concede that Florida law is applicable under choice of law rules, Prevost cannot take the inconsistent positions of relying on Florida law and disavowing its application.

loss of the product. *A.R. Moyer, Inc. v. Graham*, 285 So.2d 397, 402 (Fla.1973).[2] Rent-a-Car, however, has an alternative remedy. It may seek recovery for the loss of the buses from the seller. *American Universal Ins. v. General Motors Corp.*, 578 So.2d 451, 454–55 (Fla. 1st DCA 1991) (An attempt to invoke the alternate remedy exception, where the sale of a product is involved, "overlooks that a contract action remains pending against the seller of the allegedly defective product.").[3]

◼ Under the second exception to the economic loss rule, the sudden calamity exception, a majority of jurisdictions permit recovery in tort where a product alone is damaged or destroyed in an abrupt, accident-like occurrence. William K. Jones, *Product Defects Causing Commercial Loss: The Ascendancy of Contract Over Tort*, 44 *U.Miami L.Rev.* 731, 752 (1990). Florida, however, has not aligned itself with this position. *Id.* at 751 nn. 109–10. *See also Florida Power & Light Co. v. McGraw Edison Co.*, 696 F.Supp. 617, 619–20 (S.D.Fla.1988), *aff'd*, 875 F.2d 873 (11th Cir.1989) ("Even when the harm to the product itself occurs through an abrupt, accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain—traditionally the core concern of contract law.") (applying Florida law and citing *East River*, 476 U.S. at 870, 106 S.Ct. at 2302). Absent allegations of personal injury or other property damage, therefore, Rent-a-Car has no remedy in tort.

### CONTRACT CLAIM

◼ Privity of contract between plaintiff and defendant is an essential element of the breach of implied warranty cause of action. *GAF Corp. v. Zack Co.*, 445 So.2d 350, 351 (Fla. 3d DCA 1984). Rent-a-Car does not unambiguously state that Prevost was the seller of the ill-fated buses. The breach of implied warranty count must fail, therefore, for failure to allege privity. *See supra* note 2.

◼ Rent-a-Car attempts to overcome this hurdle by erroneously asserting that Florida law recognizes an exception to the privity requirement in cases where a plaintiff cannot recover under strict liability or negligence. Rent-a-Car completely misconstrues the case it relies on for this assertion. In *Kramer v. Piper Aircraft Corp.*, 520 So.2d 37, 39–40 (Fla.1988), the Florida Supreme Court answered a certified question from the Eleventh Circuit by stating that Florida's adoption of the doctrine of strict liability in tort supplants its prior no-privity, breach of implied warranty cause of action for personal injury. Nothing in the *Kramer* opinion supports Rent-a-Car's conclusion that if its tort remedies are barred by the economic loss rule, then it can bypass the privity requirement in its breach of implied warranty claim. Indeed, were the privity requirement eliminated for plaintiffs who can claim no personal injury or other property damage, the economic loss rule, which requires such plaintiffs to seek their remedy in contract, would become an empty formulation.

### CONCLUSION

Based on the foregoing analysis, it is hereby ORDERED AND ADJUDGED that

(1) Prevost's Motion to Strike the amended complaint is DENIED; and

---

**2.** In *Moyer,* the Florida Supreme Court permitted a general contractor to recover economic loss damages in tort against an architect, engaged by a third party, who approved the use of inadequate concrete in the general contractor's project. *Id.* at 400–02.

**3.** The Court is unable to ascertain from the parties' filings whether Prevost in fact sold the buses to Rent-a-Car. Rent-a-Car alleges that, "The Defendant, PREVOST, as manufacturer and seller of the bus[es] was engaged in the business of selling these products that caused the damage." (Amended Complaint, at 3, D.E.

§ 7.) Prevost states, however, that, "In the present case, the Plaintiff purchased the allegedly defective buses from a party other than the Defendant, Prevost Car, Inc." (Defendant Prevost Car, Inc.'s Reply to Plaintiff's Response to Motion to Dismiss, at 2, D.E. § 8.) If Prevost is not the seller of the buses, Rent-a-Car must assert its contract remedy against a party other than Prevost. As discussed below, Rent-a-Car's failure to plead clearly in this regard makes its breach of implied warranty count subject to dismissal as well.

(2) the amended complaint is DIS-
MISSED without prejudice.

DONE AND ORDERED in Chambers at
Miami, Florida, this 3rd day of April, 1992.