[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2006
THOMAS K. KAHN
CLERK

----------------------------------------

No. 04-16575
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 04-00040-CV-TWT-1

RICHARD BAILEY,

Plaintiff-Appellant,

versus

MONACO COACH CORPORATION,

Defendant-Appellee.

------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
------------------------------------------------------------------

**(February 22, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Richard Bailey appeals the grant of summary judgment in favor or Defendant-Appellee Monaco Coach Corporation ("Monaco") in Bailey's suit for breach of warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 230l, et seq. No reversible error has been shown; we affirm.

Bailey purchased a motor home manufactured by Monaco which he claimed was beset by many defects which remained unrepaired after Bailey afforded Monaco sufficient opportunity to correct the defects. The district court considered fully Bailey's claims and concluded that Bailey -- who was represented by trial counsel but proceeds pro se on appeal -- (i) presented no evidence that Monaco failed to repair any defect that timely was brought to Monaco's attention and was within the terms of the express Limited Warranty; and (ii) because Bailey was not in privity of contract with Monaco, a claim for breach of implied warranty fails as a matter of Florida law.[1]

---

[1] While the MMWA, (15 U.S.C. § 2301(7)), gives consumers a private right of action against warrantors for breach of implied warranty, implied warranty claims under the MMWA arise out of and are defined by state law. Id. Bailey purchased the motorhome from a dealer and not directly from Monaco. No privity exists between Bailey and Monaco. Under Florida law, privity of contract is an essential element of a claim for breach of implied warranty. See Mesa v. BMW of North America, LLC, 904 So.2d 450, 458 (Fla.App. 2005) ("Under Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity;)" Baker v. Danek Medical, 35 F.Supp. 2d 875, 878 (N.D. Fla. 1998); Kramer v. Piper Aircraft Corp., 520 So.2d 37, 38 (Fla. 1988).

We see no error in the district court's conclusions.  About Bailey's claims that Monaco breached its limited written warranty, no genuine issue of material fact exists because (i) a number of the alleged defects were excluded expressly by the terms of Monaco's limited warranty; (ii) Bailey admitted that certain claimed defects were repaired; (iii) Monaco was not given reasonable notice of certain defects; and (iv) Bailey failed to provide sufficient evidence to establish that certain problems constituted defects.  Absent sufficient evidence to raise a triable issue that Monaco failed to repair a covered defect that was brought appropriately to its attention, Bailey could show no breach of express warranty.  About Bailey's claim that Monaco breached implied warranties, the absence of privity between Bailey and Monaco is dispositive: Bailey's claim of breach of implied warranty fails as a matter of law.

**AFFIRMED.**