# Supreme Court of Florida

_____

No. SC13-683
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CIVIL CASES —
REPORT NO. 13-01 (PRODUCTS LIABILITY).**

[March 26, 2015]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases

(Committee) has submitted proposed changes to the standard jury instructions

pertaining to products liability cases, and asks that the Court authorize the

amended standard instructions.  We have jurisdiction.  See art. V, § 2(a), Fla.

Const.

## BACKGROUND

In Case No. SC09-1264, In re Standard Jury Instructions in Civil Cases—

Report No. 09-10 (Products Liability), 91 So. 3d 785 (Fla. 2012), the Court granted

preliminary approval to many of the Committee's proposals to amend the

instructions pertaining to products liability cases, while withholding authorization

to publish and use the new and amended jury instructions.  Specifically, the Court

did as follows:

> First, we provide preliminary approval for publication in the future of the proposals with regard to standard instructions 403.1—Introduction (new); instruction 403.2—Summary of Claims (new); instruction 403.4—Express Warranty; instruction 403.5—Implied Warranty of Merchantability; instruction 403.6—Implied Warranty of Fitness for Particular Purpose; instruction 403.8—Strict Liability Failure to Warn (new); instruction 403.10—Negligent Failure to Warn (new); instruction 403.12—Legal Cause; instruction 403.14—Burden of Proof on Preliminary Issue; instruction 403.15—Issues on Main Claim; instruction 403.17—Burden of Proof on Main Claim; and instruction 403.19—Burden of Proof on Defense Issues.
>
> Second, the following jury instructions are preliminarily approved for publication in the future as modified: instruction 403.9—Negligence; and instruction 403.18—Defense Issues (new).
>
> Last, the Court rejects the following proposals: instruction 403.3—Greater Weight of the Evidence; instruction 403.7—Strict Liability; instruction 403.11—Inference of Product Defect or Negligence (new); instruction 403.13—Preliminary Issue (new); instruction 403.16—Issues on Crashworthiness and "Enhanced Injury" Claim (new); and Model Instruction 7 and Special Verdict Form.  Instead, the Court preliminarily approves for publication in the future instruction 403.3, consistent with previously authorized "Greater Weight of the Evidence" standard civil jury instructions.

Id. at 786-87 (footnote omitted).  The Court referred the matter back to the

Committee as follows:

> We refer back to the Committee its proposals with regard to instructions 403.7, 403.11, 403.13, 403.14, 403.16, Model Instruction No. 7 and the Special Verdict Form, and the Committee Notes to each of the products liability standard instructions.  We direct the Committee to make revisions consistent with the instructions preliminarily approved by the Court for publication in the future and

- 2 -

as set forth in the appendix to this opinion, as well as the Court's decisions in In re Standard Jury Instructions in Civil Cases—Report No. 09–01 (Reorganization of the Civil Jury Instructions), 35 So. 3d 666 (Fla. 2010) and In re Standard Jury Instructions in Criminal Cases—Report No. 2010–01 & Standard Jury Instructions in Civil Cases—Report No. 2010–01, 52 So. 3d 595 (Fla. 2010). We also direct the Committee to conform all instructions, comments, model forms of instructions, verdict forms, and any related material to the actions of the Court in this and prior opinions.

Id. at 787. The Court made it clear that "[t]he approvals are only preliminary because this group of instructions must be viewed as a full package before authorization can be provided." Id. The Court withheld authorization of the preliminarily approved instructions. Id.

Following referral back to the Committee, on April 15, 2013, subsequent to republication of the instructions and receipt of four comments, the Committee filed a report seeking to amend the products liability instructions, but "deferred consideration of the model charges and verdict forms pending final approval of the instructions." The Committee also advised the Court that it was "continuing to consider some of the issues raised in the comments." Because the Committee only partially complied with the Court's directions, the Court issued an order directing the Committee to adhere to the Court's directive by proposing jury instructions, model charges, and verdict forms. On March 15, 2014, the Committee published in The Florida Bar News four revised proposals: instructions 403.10 (Negligent Failure to Warn), 403.13 (Preliminary Issue), 403.18 (Defense Issues), and 403.19

- 3 -

(Burden of Proof on Defense Issues). The Committee also published new Model Instruction No. 7. One additional comment addressing various proposals was received by the Committee. The Committee filed its amended report and appendices in this case on June 9, 2014.

## DISCUSSION

The Committee proposes amendments to instructions 403.1 (Introduction), 403.2 (Summary of Claims), 403.7 (Strict Liability), 403.8 (Strict Liability Failure to Warn), 403.9 (Negligence), 403.10 (Negligent Failure to Warn), 403.11 (Inference of Product Defect or Negligence), 403.12 (Legal Cause), 403.13 (Preliminary Issue), 403.14 (Burden of Proof on Preliminary Issue), 403.15 (Issues on Main Claim), 403.16 (Issues on Crashworthiness and "Enhanced Injury" Claims), 403.17 (Burden of Proof on Main Claim), 403.18 (Defense Issues), and 403.19 (Burden of Proof on Defense Issues). In addition, the Committee proposes new Model Instruction No. 7 with an accompanying Special Verdict Form. Having considered the Committee's amended report, the comments, and the Committee's responses to the comments, we authorize the Committee's proposals for publication and use.

With regard to the Committee's proposals which had previously been rejected by the Court, we make the following observations. Instruction 403.7 (Strict Liability), as amended, provides separate definitions for manufacturing

- 4 -

defect and design defect, and retains both the consumer expectations and risk/benefit tests to define a design defect. Instructions 403.11 (Inference of Product Defect or Negligence), 403.13 (Preliminary Issue), and 403.16 (Issues on Crashworthiness and "Enhanced Injury" Claims) do not include actual instructions, but the Committee includes Notes on Use for 403.11, Notes on Use for 403.13, and Notes on Use for 403.16, respectively.

## CONCLUSION

We authorize for publication and use those instructions to which the Court previously gave preliminary approval, and to the extent the Committee did not propose additional changes to those instructions, they are fully engrossed in the appendix to this opinion.[1] In addition, we authorize the amended instructions, as set forth in the appendix to this opinion, for publication and use. New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties

---

1. Jury instructions 403.3 (Greater Weight of the Evidence), 403.4 (Express Warranty), 403.5 (Implied Warranty of Merchantability), and 403.6 (Implied Warranty of Fitness for Particular Purpose) are the only products liability instructions to which the Committee did not propose amendments.

that any comments associated with the instructions reflect only the opinion of the

Committee and are not necessarily indicative of the views of this Court as to their

correctness or applicability. The instructions as set forth in the appendix shall

become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Joseph Hagedorn Lang, Jr., Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Carlton Fields Jorden Burt, P.A., Tampa, Florida; Honorable James Manly Barton, II, Past Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Tampa, Florida; Rebecca Mercier Vargas, Vice Chair and Subcommittee Chair, Products Liability Subcommittee of the Supreme Court Committee on Standard Jury Instructions in Civil Cases, Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 403  PRODUCTS LIABILITY

**403.1**      **Introduction**
**403.2**      **Summary of Claims**
**403.3**      **Greater Weight of the Evidence**
**403.4**      **Express Warranty**
**403.5**      **Implied Warranty of Merchantability**
**403.6**      **Implied Warranty of Fitness for Particular Purpose**
**403.7**      **Strict Liability**
**403.8**      **Strict Liability Failure to Warn**
**403.9**      **Negligence**
**403.10**     **Negligent Failure to Warn**
**403.11**     **Inference of Product Defect or Negligence  ~~(reserved)~~**
**403.12**     **Legal Cause**
**403.13**     **Preliminary Issue ~~(reserved)~~**
**403.14**     **Burden of Proof on Preliminary Issue**
**403.15**     **Issues on Main Claim**
**403.16**     **Issues on Crashworthiness and "Enhanced Injury" Claims**
**403.17**     **Burden of Proof on Main Claim**
**403.18**     **Defense Issues**
**403.19**     **Burden of Proof on Defense Issues**

## 403.1 INTRODUCTION

**Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.**

NOTES ON USE FOR 403.1

1.     When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 403.1. ~~See Model Charge 1.~~ Instruction 403.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 403.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences, with appropriate language in the final instructions, including an explanation for the difference, such as when the court has directed a verdict on an issue.

2.     *Fla.R.Civ.P.* 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.

3.     Each juror must be provided with a full set of jury instructions for use during their deliberations. *Rule* 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge as the judge reads the instructions aloud.

## 403.2     SUMMARY OF CLAIMS

**The claims [defenses] in this case are as follows.** (Claimant) **claims that the** (describe product) **[designed] [manufactured] [distributed] [imported] [sold] [or] [supplied] by** (defendant) **was defective and that the defect in the** (describe product) **caused [him] [her] harm.**

**[(Claimant) [also] claims that [he] [she] sustained greater ~~or additional~~ injuries than what [he] [she] would have sustained in the** (describe accident) **if the** (describe product) **had not been defective.]**

**[(Claimant) [also] claims that** (defendant) **was negligent in** (describe alleged negligence)**, which caused [him] [her] to be injured by** (the product)**.]**

(Defendant) **denies [that] [those] claim(s) [and also claims that** (claimant) **was [himself] [herself] negligent in** (describe the alleged comparative negligence)**, which caused [his] [her] harm.** [Additionally (describe any other affirmative defenses)**.]**

**[The parties] [**(claimant)**] must prove [his] [her] [their] claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.**

NOTE ON USE FOR 403.2

Use the second paragraph for crashworthiness claims. See instruction 403.16. Use the first bracketed phrase in the fourth paragraph when there is a claim of comparative negligence. Use the second bracketed sentence where there are additional affirmative defenses.

## 403.3      GREATER WEIGHT OF THE EVIDENCE

**"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.**

NOTES ON USE FOR 403.3

1.      *Greater or lesser number of witnesses.* The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.

2.      *Circumstantial evidence*. The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See *Nielsen v. City of Sarasota*, 117 So.2d 731 (Fla. 1960).

## 403.4      EXPRESS WARRANTY

**A product is defective if it does not conform to representations of fact made by** (defendant)**, orally or in writing, in connection with the [sale] [transaction] on which** (name) **relied in the [purchase and] use of the product. [The representation must be one of fact, rather than opinion.]**

## 403.5      IMPLIED WARRANTY OF MERCHANTABILITY

**A product is defective if it is not reasonably fit for either the uses intended or the uses reasonably foreseeable by** (defendant)**.**

## 403.6      IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

**A product is defective if it is not reasonably fit for the specific purpose for which** (defendant) **knowingly sold the product and for which, in reliance on the judgment of** (defendant)**, the purchaser bought the product.**

### 403.7        STRICT LIABILITY

### ~~(Reserved)~~

### a.  Manufacturing defect

**A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to [the user] [a person in the vicinity of the product] and the product is expected to and does reaches the user or consumer without substantial change affecting that condition.**

**A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed.**

### b.  Design defect

**A product is defective because of a design defect if it is in a condition unreasonably dangerous to [the user] [a person in the vicinity of the product] and the product is expected to and does reach the user without substantial change affecting that condition.**

**A product is unreasonably dangerous because of its design if [the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer] [and] [or] [the risk of danger in the design outweighs the benefits].**

NOTES ON USE FOR 403.7

1.    The risk/benefit test does not apply in cases involving claims of manufacturing defect. See *Cassisi v. Maytag Co.*, 396 So.2d 1140, 1146 (Fla. 1st DCA 1981).  Instruction 403.7a retains the definition of manufacturing defect found in former instruction PL 4.  The minor changes from the definition found in

PL 4 are intended to make this instruction more understandable to jurors without changing its meaning.

2.     *Foreseeability of injured bystander*. Strict liability applies to all foreseeable bystanders. When the injured person is a bystander, use the language "a person in the vicinity of the product" instead of "the user." Strict liability does not depend on whether the defendant foresaw the particular bystander's presence. See *West v. Caterpillar Tractor Co. Inc.*, 336 So.2d 80, 89 (Fla. 1976) ("Injury to a bystander is often feasible. A restriction of the doctrine to the users and consumers would have to rest on the vestige of the disappearing privity requirement."). See also *Sanchez v. Hussey Seating Co.*, 698 So.2d 1326 (Fla. 1st DCA 1997). When there is an issue regarding whether the presence of bystanders was foreseeable, additional instructions may be needed.

3.     This instruction retains the consumer expectations test and the risk/benefit test for product defect, both of which previously appeared in PL 5. Florida recognizes the consumer expectations test. See *McConnell v. Union Carbide Corp.*, 937 So.2d 148, 151 n.4 (Fla. 4th DCA 2006); *Force v. Ford Motor Co.*, 879 So.2d 103, 107 (Fla. 5th DCA 2004); *Adams v. G. D. Searle & Co.*, 576 So.2d 728, 733 (Fla. 2d DCA 1991); *Cassisi v. Maytag Co.*, 396 So.2d 1140, 1145–46 (Fla. 1st DCA 1981).  Other decisions have relied upon the RESTATEMENT (THIRD) OF TORTS: *Products Liability* to define a product defect.  See *Union Carbide Corp. v. Aubin*, 97 So.3d 886 (Fla. 3d DCA 2012); *Agrofollajes, S.A. v. E.I. DuPont de Nemours & Co.*, 48 So.3d 976 (Fla. 3d DCA 2010).  One decision held that in a design defect case, the jury should be instructed only on the risk/benefit test and not the consumer expectations test.  See *Agrofollajes*, 48 So.3d at 997.  Pending further development in the law, the committee takes no position on whether the risk/benefit test is a standard for product defect that should be included in instruction 403.7 or an affirmative defense under instruction 403.18. The risk/benefit instruction is provided in both this instruction and the defense instruction, 403.18, to illustrate how it is used in either case. See Instruction 403.18(b) and the corresponding Note on Use.  If a court determines that the risk/benefit test is a test for product defect, the committee takes no position on whether both the consumer expectations and risk/benefit tests should be given alternatively or together.  The committee notes, however, that the two-issue rule may be implicated if both tests of design defect are used. *Zimmer Inc. v. Birnbaum*, 758 So.2d 714 (Fla. 4th DCA 2000).

4.     In *Force v. Ford Motor Co.*, 879 So.2d 103, 107 (Fla. 5th DCA 2004), the parties agreed to a risk/benefit instruction based on section 2(b) of the

RESTATEMENT (THIRD) OF TORTS, *Products Liability*. The decision in *Force* did not directly address the correctness of these instructions. As discussed above in note 3, pending further development in the law, the committee takes no position on this issue.

5. When strict liability and negligence claims are tried together, to clarify differences between them it may be necessary to add language to the strict liability instructions to the effect that a product is defective if unreasonably dangerous even though the seller has exercised all possible care in the preparation and sale of the product. RESTATEMENT (SECOND) TORTS, § 402A(2)(a). In cases involving claims of both negligence and defective design, submission of both claims may result in an inconsistent verdict. See, *e.g.*, *Consolidated Aluminum Corp. v. Braun*, 447 So.2d 391 (Fla. 4th DCA 1984); *Ashby Division of Consolidated Aluminum Corp. v. Dobkin*, 458 So.2d 335 (Fla. 3d DCA 1984). See also *Moorman v. American Safety Equip.*, 594 So.2d 795 (Fla. 4th DCA 1992); *North American Catamaran Racing Ass'n v. McCollister*, 480 So.2d 669 (Fla. 5th DCA 1985).

6. In some cases, it may be appropriate to instruct the jury that, in addition to the designer and manufacturer, any distributor, importer, or seller in the chain of distribution is liable for injury caused by a defective product. *Samuel Friedland Family Enterprises v. Amoroso*, 630 So.2d 1067 (Fla. 1994); *Rivera v. Baby Trend, Inc.*, 914 So.2d 1102 (Fla. 4th DCA 2005); *Porter v. Rosenberg*, 650 So.2d 79 (Fla. 4th DCA 1995).

## 403.8 STRICT LIABILITY FAILURE TO WARN

**A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.**

NOTES ON USE FOR 403.8

1. The following cases recognize strict liability for a failure to warn of defects. *Union Carbide Corp. v. Aubin*, 97 So.3d 886, 898 (Fla. 3d DCA 2012); *McConnell v. Union Carbide Corp.*, 937 So.2d 148, 151–52 (Fla. 4th DCA 2006); *Union Carbide Corp. v. Kavanaugh*, 879 So.2d 42, 45 (Fla. 4th DCA 2004); *Scheman-Gonzalez v. Saber Manufacturing Co.*, 816 So.2d 1133 (Fla. 4th DCA 2002); *Ferayorni v. Hyundai Motor Co.*, 711 So.2d 1167 (Fla. 4th DCA 1998).

2.     When strict liability and negligent failure to warn claims are tried together, to clarify differences between them it may be necessary to add language to the strict liability instruction to the effect that a product is defective if unreasonably dangerous even though the seller has exercised all possible care in the preparation and sale of the product. RESTATEMENT (SECOND) TORTS, § 402A(2)(a).

## 403.9  NEGLIGENCE

**Negligence is the failure to use reasonable care, which is the care that a reasonably careful [designer] [manufacturer] [seller] [importer] [distributor] [supplier] would use under like circumstances. Negligence is doing something that a reasonably careful [designer] [manufacturer] [seller] [importer] [distributor] [supplier] would not do under like circumstances or failing to do something that a reasonably careful [designer] [manufacturer] [seller] [importer] [distributor] [supplier] would do under like circumstances.**

NOTES ON USE FOR 403.9

1.     ~~An unreasonably dangerous condition in a product can result in a variety of ways, for example, from latent characteristics in the product, which create an unexpected danger, from failure to meet industry standards in the design or manufacture of the product, or from an unsafe design choice for the product. See, e.g., Royal v. Black & Decker Mfg. Co., 205 So.2d 307 (Fla. 3d DCA 1967). A product can also be unreasonably dangerous because it was adulterated, such as with foreign materials in foodstuffs or pharmaceuticals. See, e.g., Food Fair Stores of Florida, Inc. v. Macurda, 93 So.2d 860 (Fla. 1957); E.R. Squibb & Sons Inc. v. Stickney, 274 So.2d 898 (Fla. 1st DCA 1973).~~

~~2.~~     If a product fails under circumstances precluding any other reasonable inference other than a defect in the product, a plaintiff is not required to pinpoint any specific defect in the product. See, *e.g.*, *Armor Elevator Co. v. Wood*, 312 So.2d 514 (Fla. 3d DCA 1975); *Ford Motor Co. v. Cochran*, 205 So.2d 551 (Fla. 2d DCA 1967).

2. ~~3.~~ In order to clarify the differences between strict liability and negligence when the two claims are tried together, it may be necessary to add language to the strict liability instructions to the effect that a product is defective if unreasonably dangerous even though the seller has exercised all possible care in the preparation and sale of the product. RESTATEMENT (SECOND) TORTS, § 402A(2)(a).

# 403.10  NEGLIGENT FAILURE TO WARN

**[Negligence is the failure to use reasonable care, which is the care that a reasonably careful [designer] [manufacturer] [seller] [importer] [distributor] [supplier] would use under like circumstances.] Reasonable care on the part of** (defendant) **requires that** (defendant) **give appropriate warning(s) about particular risks of** (the product) **which** (defendant) **knew or should have known are involved in the reasonably foreseeable use(s) of the product.**

NOTES ON USE FOR 403.10

1.　The cases recognize a claim for negligent failure to warn. *Ferayorni v. Hyundai*, 711 So.2d 1167 (Fla. 4th DCA 1998). When strict liability and negligent failure to warn claims are tried together, to clarify differences between them it may be necessary to add language to the strict liability instruction to the effect that a product is defective if unreasonably dangerous even though the seller has exercised all possible care in the preparation and sale of the product. RESTATEMENT (SECOND) TORTS, § 402A(2)(a).

2.　Under certain circumstances, a manufacturer has a duty to warn about particular risks of a product even after the product has left the manufacturer's possession, and has been sold or transferred to a consumer or end-user. See *High v. Westinghouse Elec. Corp.*, 610 So.2d 1259, 1263 (Fla. 1992) (finding the defendant "had a duty to timely notify the entity to whom it sold the electrical transformers . . . once it was advised of the PCB contamination"); *Sta-Rite Indus., Inc. v. Levey*, 909 So.2d 901, 905 (Fla. 3d DCA 2004) (jury question existed on failure to warn claim "in the light of similar severe accidents which occurred both before and after the sale of the pump in question"). A special instruction may be needed in cases raising issues of a post-manufacture or post-sale duty to warn.

3.　The bracketed list of potential defendants in this instruction is intended to be illustrative and may be modified to fit the facts of each case.

# 403.11  INFERENCE OF PRODUCT DEFECT OR NEGLIGENCE

(Reserved)

NOTES ON USE FOR 403.11

1.   *F.S.* 768.1256 provides for a rebuttable presumption in the event of compliance or noncompliance with government rules. The statute does not state whether the presumption is a burden-shifting or a vanishing presumption. See *F.S.* 90.301–90.304; *University Insurance Co. of North America v. Warfel*, 82 So.3d 47 (Fla. 2012); *Birge v. Charron*, 107 So.3d 350 (Fla. 2012). Pending further development in the law, the committee offers no standard instruction on this presumption, leaving it up to the parties to propose instructions on a case-by-case basis.

2.   *Cassisi v. Maytag Co.*, 396 So.2d 1148 (Fla. 1st DCA 1981), held that when a product malfunctions during normal operation, a legal inference of product defectiveness arises, and the injured plaintiff has thereby established a prima facie case for jury consideration. Pending further development of Florida law, the Committee takes no position on the sufficiency of these instructions in cases in which the *Cassisi* inference applies. See *Gencorp, Inc. v. Wolfe*, 481 So.2d 109 (Fla. 1st DCA 1985); see also *Parke v. Scotty's, Inc.*, 584 So.2d 621 (Fla. 1st DCA 1991); *Miller v. Allstate Insurance Co.*, 650 So.2d 671 (Fla. 3d DCA 1995).

## 403.12  LEGAL CAUSE

a.   *Legal cause generally:*

**[A defect in a product] [Negligence] is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the [defect] [negligence], the [loss] [injury] [or] [damage] would not have occurred.**

b.   *Concurring cause:*

**In order to be regarded as a legal cause of [loss] [injury] [or] [damage], [a defect in a product] [negligence] need not be the only cause. [A defect in a product] [Negligence] may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the [defect] [negligence] contributes substantially to producing such [loss] [injury] [or] [damage].**

- 15 -

*c.    Intervening cause:*

*\*Do not use the bracketed first sentence if this charge is preceded by the charge on concurring cause:*

**\*[In order to be regarded as a legal cause of [loss] [injury] [or] [damage], [a defect in a product] [negligence] need not be its only cause.] [A defect in a product] [Negligence] may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the [product defect] [negligence] occurs if such other cause was itself reasonably foreseeable and the [product defect] [negligence] contributes substantially to producing such [loss] [injury] [or] [damage] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the [product defect] [negligence] and the [product defect] [negligence] contributes substantially to producing it].**

NOTES ON USE FOR 403.12

1.     Instruction 403.~~10a~~12a (legal cause generally) is to be given in all cases. Instruction 403.~~10b~~12b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her negligence by reason of some other cause concurring in time and contributing to the same damage. Instruction 403.~~10c~~12c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.

2.     The jury will properly consider instruction 403.~~10a~~12a not only in determining whether defendant's negligence is actionable but also in determining whether claimant's negligence contributed as a legal cause to claimant's damage, thus reducing recovery.

3.     Instruction 403.~~10b~~12b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries or multiple events, instruction 501.2h(1) or (2) should be given as well. See *Hart v. Stern*, 824 So.2d 927, 932–34 (Fla. 5th DCA 2002); *Marinelli v. Grace*, 608 So.2d 833, 835 (Fla. 4th DCA 1992).

- 16 -

4.     Instruction 403.~~10c~~12c (intervening cause) embraces two situations in which negligence may be a legal cause notwithstanding the influence of an intervening cause: (1) where the damage was a reasonably foreseeable consequence of the negligence although the other cause was not foreseeable, *Mozer v. Semenza*, 177 So.2d 880 (Fla. 3d DCA 1965); and (2) when the intervention of the other cause was itself foreseeable, *Gibson v. Avis Rent-A-Car System Inc.*, 386 So.2d 520 (Fla. 1980).

5.     *"Probable" results.* The committee recommends that the jury not be charged that the damage must be such as would have appeared "probable" to the actor or to a reasonably careful person at the time of the negligence. In cases involving an intervening cause, the term "reasonably foreseeable" is used in place of "probable." The terms are synonymous and interchangeable. See *Sharon v. Luten*, 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser, TORTS (3d ed.) 291; 2 Harper and James, THE LAW OF TORTS 1137.

6.     The term "substantially" is used throughout the instruction to describe the extent of contribution or influence negligence must have in order to be regarded as a legal cause. "Substantially" was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant's negligence, *Loftin v. Wilson*, 67 So.2d 185, 191 (Fla. 1953), but also in relation to plaintiff's contributory negligence, *Shayne v. Saunders*, 129 Fla. 355, 176 So. 495, 498 (Fla. 1937).

## 403.13  PRELIMINARY ISSUE

### ~~(Reserved)~~

### NOTES ON USE FOR 403.13

1.     At this time, the Committee does not propose a standard instruction on preliminary issues in products liability cases.  See note on use 6 to instruction 403.7 for cases where there is an issue of whether a defendant was in a position to correct the defect in the product.  *Samuel Friedland Family Enters. v. Amoroso*, 630 So.2d 1067 (Fla. 1994); *Rivera v. Baby Trend, Inc.*, 914 So.2d 1102 (Fla. 4th DCA 2005); *Porter v. Rosenberg*, 650 So.2d 79 (Fla. 4th DCA 1995).

2.     Privity.  In general, plaintiffs are not required to prove privity to establish strict liability.  *Kramer v. Piper Aircraft Corp.*, 520 So.2d 37, 39 (Fla.

1988).  These instructions on products liability issues assume that if there is any question of privity, it has been resolved in favor of the claimant. If it is necessary to submit a factual issue on privity to the jury, the committee recommends that it be submitted in the style of a preliminary charge on status or duty. For the effect of the strict liability doctrine on claims of warranty previously requiring privity, see F.S. 672.318 and *Kramer*, 520 So.2d at 39 & n.4.

## 403.14  BURDEN OF PROOF ON PRELIMINARY ISSUE

**If the greater weight of the evidence does not support** (claimant's) **claim on this issue, then your verdict [on this issue] [on the claim of** (claimant)**] should be for** (defendant) **[and you should decide the other issues on** (claimant's) **claim].**

~~If, however,~~ **<u>However, if</u> the greater weight of the evidence supports** (claimant's) **claim [on this issue], then you shall decide whether** (the product) **was defective [and also decide the other issues on** (claimant's) **claim].**

NOTE ON USE FOR 403.14

The bracketed language is for use if claimant makes alternative claim(s) of liability.

## 403.15 ISSUES ON MAIN CLAIM

**The [next] issues you must decide on** (claimant's) **claim against** (defendant) **are:**

a.    *Express Warranty:*

**whether** (the product) **failed to conform to representations of fact made by** (defendant)**, orally or in writing, in connection with the [sale] [transaction], on which** (name) **relied in the [purchase and] use of the product, and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

b.    *Implied Warrant of Merchantability:*

**whether** (the product) **was not reasonably fit for either the uses intended or the uses reasonably foreseeable by** (defendant) **and, if so, whether that lack**

- 18 -

**of fitness was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

*c.     Implied Warranty of Fitness for Particular Purpose:*

**whether** (the product) **was not reasonably fit for the specific purpose for which** (defendant) **knowingly sold** (the product) **and for which** (claimant) **bought** (the product) **in reliance on the judgment of** (defendant) **and, if so, whether that lack of fitness was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

*d.     Strict Liability — Manufacturing Defect:*

**whether** (the product) **[was** ~~not built according to~~ **made differently than its intended design and thereby failed to perform as safely as** ~~the~~ **intended** ~~design would have performed] [and] [or] [(the product)~~ ~~failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer]~~ **and** (the product) **reached** (claimant) **without substantial change affecting the condition** ~~in which it was sold~~ **and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

*e.     Strict Liability — Design Defect:*

**whether [**(the product) **failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer] [and] [or] [the risk of danger in the design of the product outweighs the benefits of the product] and** (the product) **reached** (claimant) **without substantial change affecting the condition and, if so, whether that failure was a legal cause of the [loss] [injury] or [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

*f.~~e.~~     Strict Liability — Failure to Warn:*

**whether the foreseeable risks of harm from** (the product) **could have been reduced or avoided by providing reasonable instructions or warnings and the failure to provide those warnings made** (the product) **unreasonably dangerous and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

- 19 -

*g.f. Negligence:*

**whether** (defendant) **was negligent in** (describe alleged negligence)**, and, if so, whether that was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

*h.g. Negligent Failure to Warn:*

**whether** (defendant) **negligently failed to warn about particular risks involved in the use of** (the product)**, and, if so, whether that failure to warn was a legal cause of the [loss] [injury] [or] [damage] to** (claimant, decedent, or person for whose injury claim is made)**.**

NOTE ON USE FOR 403.15

Instruction 403.15(e) retains the consumer expectations test and the risk/benefit test for product defect, both of which previously appeared in PL 5. See Instruction 403.7(b) and Note on Use 3. Pending further development in the law, the committee takes no position on whether the consumer expectations and risk/benefit tests should be given alternatively or together.

**403.16    ISSUES ON CRASHWORTHINESS AND "ENHANCED INJURY" CLAIMS**
**(RESERVED)**

NOTES ON USE FOR 403.16

In 2011, the legislature amended *F.S.* 768.81 to state that in a products liability case in which the plaintiff claims that a defect in the product increased the injury, the defendant should be treated the same as all other defendants for the purposes of apportionment of fault. The legislative history states that the legislature intended this amendment to overrule the decision in *D'Amario v. Ford Motor Co.*, 806 So.2d 424 (Fla. 2001). See Ch. 2011–215, §2, Laws of Fla. As explained in the note on use to instruction 403.2, the summary of claims in a crashworthiness case should explain that the plaintiff claims to have sustained greater injuries than would have been sustained if the product were not defective. Otherwise, the standard instructions applicable in other cases should be given in crashworthiness cases.

- 20 -

# 403.17  BURDEN OF PROOF ON MAIN CLAIM

**If the greater weight of the evidence does not support [one or more of]** (claimant's) **claim[s], your verdict should be for** (defendant(s)) **[on [that] [those] claim(s)].**

**[However, if the greater weight of the evidence** ~~does~~ **support**s **[one or more of]** (claimant's) **claim[s], then your verdict should be for** (claimant) **and against** (defendant) **[on [that] [those] claim(s)].**

**[However, if the greater weight of the evidence supports** (claimant's) **claim against one or [both] [more] of the defendants~~]~~, then you should decide and write on the verdict form the percentage of the total fault of [both] [all] defendants that was caused by each of them].**

NOTE ON USE FOR 403.17

Use the first paragraph in all cases. If there is an affirmative defense to the claim, do not use either of the bracketed paragraphs; instead turn to instruction 403.18. If there is no affirmative defense, use the first or second bracketed paragraph depending on whether there is one defendant or more than one.

# 403.18  DEFENSE ISSUES

**If, however, the greater weight of the evidence supports [**(claimant's) **claim] [one or more of** (claimant's) **claims], then you shall consider the defense[s] raised by** (defendant)**.**

**On the [first]\* defense, the issue[s] for you to decide [is] [are]:**

*\*The order in which the defenses are listed below is not necessarily the order in which the instruction should be given.*

a.    *Comparative Negligence:*

**whether** (claimant or person for whose injury or death claim is made) **was [himself] [herself] negligent \*in** (describe alleged negligence) **and, if so, whether** ~~such~~that **negligence was a contributing legal cause of the injury or damage** ~~complained of~~ to (claimant)**.**

- 21 -

*If the jury has not been previously instructed on the definition of negligence, instruction 401.4 should be inserted here.

*b. Risk/Benefit Defense:*

**whether, on balance, the [benefits] [or] [value] of** (the product) **outweigh the risks or danger connected with its use.**

NOTE ON USE FOR 403.18b

In a strict liability defective design case, a defendant may be entitled to an affirmative defense based on the risk/benefit test. See *Force v. Ford Motor Co.*, 879 So.2d 103, 106 (Fla. 5th DCA 2004); *Adams v. G. D. Searle & Co.*, 576 So.2d 728, 733 (Fla. 2d DCA 1991); *Cassisi v. Maytag Co.*, 396 So.2d 1140, 1145–46 (Fla. 1st DCA 1981). Pending further development in the law, the committee takes no position on whether the risk/benefit test is a standard for product defect that should be included in instruction 403.7 or an affirmative defense under instruction 403.18. The court should not, however, instruct on risk/benefit as both a test of defectiveness under 403.7 and as an affirmative defense under 403.18.

*c. Government Rules Defense:*

No instruction provided.

NOTE ON USE FOR 403.18c

~~Florida Statutes section~~ _F.S._ 768.1256 provides for a rebuttable presumption in the event of compliance or noncompliance with government rules. The statute does not state whether the presumption is a burden-shifting or a vanishing presumption. See *F.S.* 90.301–90.304; _Universal Insurance Co. of North America v. Warfel_, 82 So.3d 47 (Fla. 2012); _Birge v. Charron_, 107 So.3d 350 (Fla. 2012). Pending further development in the law, the committee offers no standard instruction on this presumption, leaving it up to the parties to propose instructions on a case-by-case basis.

*d. State-of-the-art Defense:*

**In deciding ~~the issues in this case~~ whether** (the product) **was defective because of a design defect, you shall consider the state-of-the-art of scientific**

**and technical knowledge and other circumstances that existed at the time of** (the product's) **manufacture, not at the time of the [loss]** ~~or~~ **[injury] [or] [damage].**

NOTE ON USE FOR 403.18d

Instruction 403.~~7~~18d applies only in defective design cases. *F.S.* 768.1257.

*e.        Apportionment of fault:*

**whether** (identify additional person(s) or entit(y) (ies)) **[was] [were] also [negligent] [at fault] [responsible] [**(specify other type of conduct)**]; and, if so, whether that [negligence] [fault] [responsibility] [**(specify other type of conduct)**] was a contributing legal cause of [loss] [injury] [or] [damage] to** (claimant, decedent or person for whose injury claim is made)**.**

NOTE ON USE FOR 403.18e

*See* F.S. 768.81; *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993). In most cases, use of the term "negligence" will be appropriate. If another type of fault is at issue, it may be necessary to modify the instruction and the verdict form accordingly. In strict liability cases, the term "responsibility" may be the most appropriate descriptive term.

NOTES ON USE FOR 403.18

1.     Comparative negligence is a defense to strict liability claims if based on grounds other than the failure of the user to discover the defect or to guard against the possibility of its existence. *West v. Caterpillar Tractor Co.*, 336 So.2d 80, 90 (Fla. 1976). ~~Model Instruction 7 illustrates the defense of comparative negligence in a negligence/express warranty action against a retailer, and Model Instruction 8 illustrates the same defense in a negligence/strict liability action against a manufacturer and retailer.~~

2.     The "patent danger doctrine" is not an independent defense but, to the extent applicable (see note 1), it is subsumed in the defense of contributory negligence. *Auburn Machine Works Inc. v. Jones*, 366 So.2d 1167 (Fla. 1979).

**403.19  BURDEN OF PROOF ON DEFENSE ISSUES**

**If the greater weight of the evidence does not support** (defendant's) **defense[s] and the greater weight of the evidence supports** (claimant's) **[claim] [one or more of** (claimant's) **claims], then [your verdict should be for** (claimant) **in the total amount of [his] [her] damages.] *[you should decide and write on the verdict form what percentage of the total** ~~damages~~ **[negligence] [fault] [responsibility] of [both] [all] defendants** **was caused by each defendant.]**

*Use the second bracketed language when there is more than one defendant.*

**If, however, the greater weight of the evidence shows that both** (claimant) **and [(defendant)] [one or more of the defendants] [and]** [(identify additional person(s) or entit(y)(ies))] **were [negligent] [at fault] [responsible] and that the [negligence] [fault] [responsibility] of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by** (claimant)**, you should decide and write on the verdict form** ~~the total amount of the damages and what~~ ~~percentage of the total damages is chargeable to each party~~ **what percentage of the total [negligence] [fault] [responsibility] of [both] [all] parties to this action was caused by each of them.**

*Use the following instruction in cases with a comparative negligence defense and an apportionment of a non-party defense:*

**[If, however, the greater weight of the evidence shows that** (claimant) **and** [(defendant)] **[one or more of** (defendants)**] [and]** [(identify additional person(s) or entit(y)(ies))] **were [negligent] [at fault] [responsible] and that the [negligence] [fault] [responsibility] of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by** (claimant)**, you should decide and write on the verdict form what percentage of the total [negligence] [fault] [responsibility] of [both] [all] parties to this action [and]** [(identify additional person(s) or entit(y)(ies))] ~~is chargeable to~~ **was caused by each of them.]**

*Use the following paragraph in cases without a comparative negligence defense but with an apportionment of non-party defense:*

**[If, however, the greater weight of the evidence shows that** **[(defendant)] [one or more of** (defendants)**] and** [(identify additional person(s) or entit(y)(ies))] **were [negligent] [at fault] [responsible] and that the [negligence] [fault] [responsibility] of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by** (claimant)**, you should decide and write on the verdict**

**form what percentage of the total [negligence] [fault] [responsibility] of [(defendant(s))] [and] [(identify additional person(s) or entit(y)(ies))] ~~is~~ ~~chargeable to~~ was caused by each of them.]**

NOTES ON USE FOR 403.19

1.    *Preemptive ~~charges~~ instructions on defense issues.* If a preemptive ~~charge~~ instruction for claimant is appropriate on a defense issue, as when comparative negligence or assumption of risk has been brought to the jury's attention on voir dire or by opening statements or argument and is now to be withdrawn, an ~~charge~~ instruction in the form of instruction 401.13 should be given immediately following instruction 403.15. If a preemptive ~~charge~~ instruction for defendant is required on some aspect of a defense, as when, for example, the court holds that any comparative negligence of the driver will reduce claimant's recovery, a preemptive ~~charge~~ instruction announcing the ruling should be given immediately after framing the defense issues (instruction 403.~~17~~18).

2.    In most cases, use of the term "negligence" will be appropriate. If another type of fault is at issue, it may be necessary to modify the instruction and the verdict form accordingly.  In strict liability cases, the term "responsibility" may be the most appropriate descriptive term.

## **MODEL INSTRUCTION NO. 7**

### **Product liability case; negligence and strict liability claims; comparative negligence defense; aggravation of pre-existing injury**

Facts of the hypothetical case:

John Smith claims he was injured when a hay baler being driven by Dilbert Driver struck him.  The hay baler suddenly swerved across the road into the path of Smith, who was driving in the opposite direction. At the time, Smith was looking at a group of deer in a field near the road, and therefore took no evasive action to avoid the collision. An examination of the hay baler revealed that part of the steering mechanism was designed in such a way that it could not sustain the speed of highway driving. The retailer seller, Sharp Sales Co., prior to selling it to Driver, had not inspected it. The mechanism had broken, making it impossible for Driver to steer the baler. There was evidence that a person could have observed the

weakened condition of the steering mechanism had he or she examined it. Smith sued Driver, alleging that his operation of the hay baler had been negligent. Smith also sued the manufacturer of the hay baler, Mishap Manufacturing Co., and the retailer seller, Sharp Sales, alleging that the hay baler had been defectively designed and that both defendants had been negligent in their inspections of the hay baler. He sought recovery against both the manufacturer and the retailer on claims of (1) negligence and (2) strict liability based on the consumer expectation test. The defendants denied liability, and affirmatively alleged that Smith had been comparatively negligent.  There are also issues of a pre-existing injury.

The court's instruction:

*The committee assumes that the court will give these instructions as part of the instruction at the beginning of the case and that these instructions will be given again before Final Argument. When given at the beginning of the case, 202.1 will be used in lieu of 403.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction given at the beginning of the case.*

**[403.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are *the same as* what I gave you at the beginning and it is these rules of law that you must now follow.  When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.**

**[403.2] The claims and defenses in this case are as follows.  John Smith claims that Dilbert Driver was negligent in operation of the hay baler he was driving which caused him harm. John Smith also claims that Mishap Manufacturing Company, the manufacturer of the hay baler, and Sharp Sales Company, the seller of the hay baler, were negligent — Mishap in designing and inspecting the hay baler, and Sharp in the manner it inspected it before sale — which caused him to be injured by the hay baler. Finally, John Smith also claims that the hay baler designed and manufactured by Mishap and sold by Sharp was defective and that the defect in the hay baler caused him harm.**

**All *three defendants* deny these claims and also claim that John Smith was himself negligent in the operation of his vehicle, which caused his harm.**

**The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.**

**[403.3] "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.**

**[401.4 and 403.9] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. _In the case of a designer, manufacturer, seller, importer, distributor, or supplier of a product,_ it is the care that a reasonably careful designer, manufacturer, seller, importer, distributor, or supplier would use under like circumstances. Negligence is doing something that a reasonably careful designer, manufacturer, seller, importer, distributor, or supplier would not do under like circumstances or failing to do something that a reasonably careful person, designer, manufacturer, seller, importer, distributor, or supplier would do under like circumstances.**

**[403.7b] A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.**

**A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the manufacturer.**

**[401.12a and 403.12a] Negligence or a defect in a product is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence or defect, the loss, injury or damage would not have occurred.**

**[401.12b and 403.12b] In order to be regarded as a legal cause of loss, injury or damage, negligence or a defect in a product need not be the only cause. Negligence or a defect in a product may be a legal cause of loss, injury or damage even though it operates in combination with the act of another or some other cause if the negligence or defect contributes substantially to producing such loss, injury or damage.**

**[401.18a] The issues you must decide on John Smith's claim against Dilbert Driver are whether Dilbert Driver was negligent in his operation of the hay baler, and, if so, whether that negligence was a legal cause of the loss, injury or damage to John Smith.**

**[403.15g] The issues you must decide on John Smith's claim of negligence on the part of Mishap Manufacturing Company, the manufacturer of the hay baler, is whether Mishap Manufacturing Company was negligent in the design of the hay baler or in its inspection of the hay baler after it was built, and, if so, whether that *negligence* was a legal cause of the loss, injury or damage to John Smith.**

**The issues you must decide on John Smith's claim of negligence on the part of Sharp Sales Company, the seller of the hay baler, are whether Sharp Sales Company was negligent in failing to inspect the hay baler before selling it to John Smith, and, if so, whether that *negligence* was a legal cause of the loss, injury or damage to John Smith.**

**[403.15e] The issues you must decide on John Smith's claims of defect in the hay baler against Mishap Manufacturing Company, the manufacturer of the hay baler, and Sharp Sales Company, the seller of the hay baler are whether the hay baler failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer and the hay baler reached Dilbert Driver without substantial change affecting the condition and, if so, whether that failure was a legal cause of the loss, injury or damage to John Smith.**

**[403.17] If the greater weight of the evidence does not support one or more of John Smith's claims then your verdict should be for Dilbert Driver, Mishap Manufacturing Company, and Sharp Sales Company.**

**[403.18a] If, however, the greater weight of the evidence supports one or more of John Smith's claims *against one or more of the defendants*, then you shall consider the defenses raised by those defendants.**

**On the first defense, the issue for you to decide is whether John Smith was himself negligent in driving and, if so, whether that negligence was a contributing legal cause of the injury or damage to John Smith.**

**[403.18d]** *On the second defense,* **in deciding whether the hay baler was defective because of a design defect, you shall consider the state-of-the-art of scientific and technical knowledge and other circumstances that existed at the time of the hay baler's manufacture, not at the time of the loss, injury or damage.**

**[403.19]  If the greater weight of the evidence does not support the defenses of Dilbert Driver, Mishap Manufacturing Company, and Sharp Sales Company, and the greater weight of the evidence supports one or more of John Smith's claims, then you should decide and write on the verdict form what percentage of the total negligence or responsibility of all defendants was caused by each defendant.**

**If, however, the greater weight of the evidence shows that both John Smith and one or more of the defendants were negligent or responsible and that the negligence or responsibility of each contributed as a legal cause of loss, injury or damage sustained by John Smith, you should decide and write on the verdict form what percentage of the total negligence or responsibility of all parties to this action was caused by each of them.**

**[501.1b] If your verdict is for Dilbert Driver, Mishap Manufacturing Company, and Sharp Sales Company, you will not consider the matter of damages.  But if the greater weight of the evidence supports one or more of John Smith's claims, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage which the greater weight of the evidence shows will fairly and adequately compensate him for his loss, injury or damage, including any damages that John Smith is reasonably certain to incur or experience in the future.  You shall consider the following elements:**

**[501.2a] Any bodily injury sustained by John Smith and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.**

**[501.2b]** The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Smith in the past or to be so obtained in the future.

**[501.2c]** Any earnings lost in the past and any loss of ability to earn money in the future.

**[501.2h]** Any damage to John Smith's automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair.

You shall also take into consideration any loss to John Smith for towing or storage charges and by being deprived of the use of his automobile during the period reasonably required for its repair.

**[501.4]** In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of John Smith.  The court will enter a judgment based on your verdict and, if you find that John Smith was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find was caused by John Smith.

The court will also take into account, in entering judgment against any defendant whom you find to have been negligent or responsible, the percentage of that defendant's negligence or responsibility compared to the total negligence or responsibility of all the parties to this action.

**[501.5a]**  If you find that one or more of the defendants caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide what portion of John Smith's condition resulted from the aggravation or activation.  If you can make that determination, then you should award only those damages resulting from the aggravation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by John Smith.

**[501.6]** If the greater weight of the evidence shows that John Smith has been permanently injured, you may consider his life expectancy. The

- 30 -

mortality tables received in evidence may be considered in determining how long John Smith may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on John Smith's health, age and physical condition, before and after the injury, in determining the probable length of his life.

[501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate John Smith for these losses as they are actually experienced in future years.

[601.1] In deciding this case, it is your duty as jurors to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence and all facts that were admitted or agreed to by the parties.

In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.

[601.2a] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the

**witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.**

**[601.2b] Some of the testimony before you was in the form of opinions about certain technical subjects. You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.**

**[601.4] In your deliberations, you will consider and decide three distinct claims. The first is the negligence claim against Dilbert Driver. The second is the negligence claims against Mishap Manufacturing Company and Sharp Sales Company. The third is the product defect claims against Mishap Manufacturing Company and Sharp Sales Company. Although these claims have been tried together, each is separate from the others, and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.**

**[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.**

*Following Closing Arguments, the final instructions are given:*

**[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.**

**During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not visit or view the scene of any event involved in this case or look at maps or pictures on the**

**Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.**

**You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case.**

**If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.**

**Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.**

**At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.**

**In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.**

**Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.**

**Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you**

**when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.**

**When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.**

**It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.**

**[I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the verdict form to you:** (read form of verdict)]

**[You will be given** (state number) **forms of verdict, which I shall now read to you:** (read form of verdict(s))]

**[If you find for** (claimant(s)), **your verdict will be in the following form:** (read form of verdict)]

**[If you find for** (defendant(s)), **your verdict will be in the following form:** (read form of verdict)]

**Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you have finished filling out the form, your foreperson must write the date and sign it at the bottom and return the verdict to the bailiff.**

**If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or**

**the reason for the communication.**

**You may now retire to decide your verdict.**

*Special Verdict Form*

VERDICT

**We, the jury, return the following verdict:**

**1. Was there negligence on the part of defendant Dilbert Driver which was a legal cause of damage to plaintiff, John Smith?**

**YES _____     NO _____**

**2a. Was there negligence on the part of defendant Mishap Manufacturing Co. which was a legal cause of damage to plaintiff, John Smith?**

**YES _____     NO _____**

**2b. Did defendant Mishap Manufacturing Co. place the hay baler on the market with a defect which was a legal cause of damage to plaintiff, John Smith?**

**YES _____     NO _____**

**3a. Was there negligence on the part of defendant Sharp Sales Co. which was a legal cause of damage to plaintiff, John Smith?**

**YES _____     NO _____**

**3b. Did defendant Sharp Sales Co. place the hay baler on the market with a defect which was a legal cause of damage to plaintiff, John Smith?**

**YES _____     NO _____**

**If your answers to questions 1-3 are all NO, your verdict is for the defendants, and you should not proceed further except to date and sign this**

**verdict form and return it to the courtroom. If you answered YES to any of Questions 1-3, please answer question 4.**

**4. Was there negligence on the part of plaintiff, John Smith, which was a legal cause of his damage?**

**YES            NO**

**Please answer question 5.**

**5. State the percentage of any responsibility for plaintiff, John Smith's, damages that you charge to:**

**Defendant Dilbert Driver (fill in only if you answered YES to question 1)          %**

**Defendant Mishap Manufacturing Co. (fill in only if you answered YES to question 2a and/or question 2b)      %**

**Defendant Sharp Sales Co. (fill in only if you answered YES to question 3a and/or question 3b)        %**

**Plaintiff, John Smith (fill in only if you answered YES to question 4)        %**

**Total must be 100%**

**Please answer question 6.**

**6. What is the total amount (100%) of any damages sustained by plaintiff, John Smith, and caused by the incident in question?**

**Total damages of plaintiff, John Smith $**

**In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, John Smith. If you find plaintiff,**

**John Smith, negligent in any degree, the court, in entering judgment, will reduce Smith's total amount of damages (100%) by the percentage of negligence which you find is chargeable to John Smith.**

 

**SO SAY WE ALL, this       day of                , 20     .**

 

 

_____

**FOREPERSON**

 

NOTES ON USE

1.    This fact pattern assumes that the trial judge has ruled that the consumer expectations test should be given.  For more explanation of whether the consumer expectations test and/or the risk/benefit test applies, see the Notes on Use to Instructions 403.7 and 403.15.

2.    For a model itemized verdict form, as contemplated by section 768.77, Florida Statutes, refer to Model Verdict Forms 2(a) and 2(b).